GIRARD BRANDON et al. *v.* ADAM L. BINGAMAN.

1. CHANCERY : VICE-CHANCERY COURT RETAINED JURISDICTION TO EXECUTE A DECREE OF FORECLOSURE OF MORTGAGE TILL NOVEMBER, 1857.—A cause standing in the Vice-Chancery, at the date of the amendment to the constitution abolishing the court, on a decree of foreclosure of a mortgage which is then unexecuted, is a cause depending in the court, in the meaning of the amendment which continues the jurisdiction of the court as to causes therein then depending until the 1st Monday in November, A. D. 1857.

APPEAL from the Chancery Court of Adams county. Hon. Stanhope Posey, judge.

*W. T. Martin*, for appellants.

*J. Winchester* and *R. North*, for appellees.

HANDY, J., delivered the opinion of the court:

This bill was filed by the appellants, in the Chancery Court of Adams county, on the 29th of June, 1857.

It states, in substance, that on the 6th July, 1850, Philip Hoggatt obtained a decree in the Southern District Chancery Court against Bingaman, James Surget, and William Brune, for the foreclosure of a mortgage executed by Bingaman to secure certain debts due to Hoggatt and Brune, conveying certain real and personal estate for that purpose; by which decree Surget was appointed a commissioner to make sale of the mortgaged property to pay the debts specified, on default of payment thereof by Bingaman in thirty days from that date, and to report his proceedings thereon to that court; that Hoggatt afterwards died, and the appellants were duly appointed his executors and qualified as such in August, 1855; and that Surget also died in the same year; that since the date of the decree Bingaman has made partial payments upon the debts ascertained in the decree, there being still a balance due and unpaid, and that, by reason of the death of Hoggatt and Surget, the decree could not be executed.

It further states that by reason of the amendment to the constitution adopted February 6, 1856, abolishing the Superior Court of Chancery and the Vice-Chancery Courts, the complainants had no remedy in the court where the decree was rendered, for revivor and execution of that decree, because the same was not "a cause depending" in that court at the date of this amendment to the constitution; and prays for revivor in the names of Hoggatt's executors, for an account of the sum due on the mortgage debt, and for the appointment of a commissioner to sell the property in default of payment, &c.

A general demurrer to this bill was filed by Bingaman and the executors of Surget, which was sustained and the bill dismissed; and the complainants have taken this appeal.

The ground of defence relied on under the demurrer is, that the jurisdiction of the original cause in which the decree of foreclosure was rendered was continued in the Vice-Chancery Court when this bill was filed, and hence that the Chancery Court of Adams county had not then jurisdiction to entertain this bill. The provision of the amendment of the constitution affecting the jurisdiction of the Vice-Chancery Courts is as follows: "The Superior Court of Chancery and the several Vice-Chancery Courts shall continue as now organized until the first Monday

of November, 1857, for the disposition of causes now depending therein." 3d Amend. to Constitution, Rev. Code, 38.

The question of jurisdiction, therefore, depends upon whether the cause—standing in the Vice-Chancery Court, at the date of the amendment, on a decree of foreclosure unexecuted—is to be considered as a "cause then depending" in that court; for if it was, the provision is positive that the jurisdiction was continued until the first Monday of November, 1857, and of course the jurisdiction of the Chancery Court of Adams county did not attach in June, 1857, when this bill was filed.

We think it very clear that the cause was "depending" in the Vice-Chancery Court after the decree of foreclosure, upon principle and according to decisions of this court.

It is true that a decree of foreclosure of a mortgage is, for certain purposes, a final decree. It is a final adjudication of the complainant's debt against the mortgagor, and of his right to enforce it against the mortgaged property. But the main object of the suit is to compel the payment of the debt; and, according to the course of the court, that is effected by a commissioner appointed to enforce the decree, and, in default of payment by the mortgagor, to sell the mortgaged property according to the directions of the decree, and report his proceedings to the court, which are not finally valid until they are confirmed by the court. The court has full control over the proceedings touching the sale until final confirmation of the sale, and over the payment and application of the purchase-money between parties to the suit having conflicting claims to it, if there be any, until the end and object of the suit is finally accomplished. This jurisdiction is clearly retained by the terms of the decree, requiring the commissioner to report his proceedings in execution of the decree; and unless the jurisdiction be continued, the object of the suit may entirely fail for want of power to appropriate and distribute the purchase-money, and the court would possess no control over its commissioner or the purchase of the mortgaged property. These proceedings, subsequent to the decree, are plainly essential to the object of the suit; and if the decree be final in the ordinary acceptation of the term, the jurisdiction of the court would be divested for the main and necessary purpose of the suit. Hence

it has been held, in cases of this sort, that the proceedings upon the decree are *in fieri* until the confirmation, by the court, of the acts of the commissioner; *Herrod* v. *Henderson*, 23 Miss. R. 454, *Tooley* v. *Gridley*, 3 S. & M. 514; and that the jurisdiction is retained after decree because it is essential to the execution of the decree. *Goff* v. *Robins et al.*, 33 Miss. R. 153. Unlike a judgment at law, it requires the further action of the court to accomplish the main end of the suit; and therefore the jurisdiction of the cause must necessarily continue in the court. For the same reason, the rule held in *Cole* v. *Miller*, 32 Miss. R. 89, is not applicable to a decree like the one under consideration here.

It follows, from this, that the jurisdiction of the Vice-Chancery Court in the original cause was not divested when this bill was filed, and hence that the demurrer was properly sustained.

Decree affirmed.