INDUSTRIAL FINANCE & THRIFT CORPORATION *v.* SMITH *et al.*

(Division A.   June 14, 1937.)

[175 So. 206.   No. 32601.]

M. M. McGowan, of Jackson, for appellant.

**E. J. Currie,** of Hattiesburg, for appellees.

328

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Forrest county, adjudging that a certain deed of trust executed by the defendants J. C. Herrod and wife, to Luther A. Smith, guardian of the estate of C. J. McInnis, Jr., a minor, as beneficiary, constituted a first and paramount lien on the property thereby conveyed, fixing the amount due, and ordering the sale of the said property for the satisfaction thereof.

On April 2, 1928, the defendants J. C. Herrod and wife, who were the owners of certain lands located in Forrest county, executed a deed of trust thereon in favor of the Mutual Building & Loan Association to secure an indebtedness therein described, and this deed of trust was promptly recorded. On September 17, 1929, the Herrods executed another deed of trust on the same property to secure an indebtedness to Luther A. Smith, guardian of the estate of C. J. McInnis, Jr., a minor. This deed of trust conveyed the property to Smith, as guardian, with general warranty of title, and was likewise promptly recorded.

On February 9, 1931, the trustee in the deed of trust in favor of the Mutual Building & Loan Association foreclosed the same, and executed and delivered his trustee's deed conveying the property covered by the deed of trust to the said association. This trustee's deed was filed for record on May 16, 1931.

On March 13, 1931, the Mutual Building & Loan Association being then in a failing condition, the stockholders thereof, by a resolution duly adopted and entered on the minutes of the association, authorized and

directed the board of directors of the association to sell and transfer to the appellant all the capital stock, assets, and property of said association for and in consideration of the assumption by the appellant of all the indebtedness of the association, and further stated considerations. On the same day the board of directors of said association adopted a resolution authorizing and directing the president and secretary of the said association to immediately carry into effect the resolution of the stockholders by executing, on behalf of said association, all necessary instruments, papers, and documents to effect the transfer and sale of all the assets and property owned by the said association; and in pursuance of these directions, the president and secretary of said association transferred and delivered to appellant all the personal assets of the said association, including evidences of debt and securities, but no deed or deeds conveying real estate were executed. Along with and as a part of these securities there was delivered the original deed of trust from the Herrods, which had been previously foreclosed, and on May 16, 1931, the Herrods executed to appellant, as beneficiary, a new deed of trust on the land covered by the original deed of trust, and which had been previously conveyed to the said association.

During the year 1932 the note and deed of trust which had been executed by the Herrods to Luther A. Smith, guardian, were transferred, assigned, and delivered, for value, to Luther A. Smith, appellee herein.

During the year 1935, the former acting secretary of the Mutual Building & Loan Association prepared a deed conveying to J. C. Herrod the property formerly owned by him, and secured the execution of this deed in the name of the Mutual Building & Loan Association by its president and acting secretary. This deed recited a consideration of one dollar and other good and valuable considerations, and that it was executed and delivered pursuant to a resolution duly adopted by the

board of directors of the said association, and both the deed and the acknowledgment thereof bore date of July 8, 1931; and this deed was filed for record on July 5, 1935. The deed further recited that it was executed "in lieu of a former deed executed by the grantor to said grantee on or about the 14th day of May, 1931, and which said former deed has been lost or destroyed and never placed of record."

The former acting secretary of the Mutual Building & Loan Association, who prepared the deed, testified that no consideration was paid therefor; that he had the impression that a former deed had been executed and assumed such to be the fact when he inserted the recitation therein that it was executed in lieu of a former deed that had been lost or destroyed.

The testimony is also uncontradicted that when the original note and deed of trust from the Herrods to the Mutual Building & Loan Association was set up as a live security, and transferred to the appellant as such, neither the acting officers of the association nor the managing officers of the appellant corporation had any knowledge or notice of the fact that the said deed of trust had been foreclosed, and the title to the land covered thereby conveyed to the said association by a trustee's deed then unrecorded. These facts were testified to in explanation of the fact that the appellant corporation took a new deed of trust from the Herrods in pursuance of its general policy to renew and bring up to date all securities held by it.

Upon the allegation of such of the aforesaid facts as appeared of record, the appellee filed his bill of complaint and prayed that the lien and deed of trust executed in his favor as guardian, on April 2, 1928, and later assigned to him, be established and enforced as a first and paramount lien on the property conveyed thereby as against any claim of appellants thereto; and, upon the final hearing of the cause, the court decreed that the lien of said deed was a first and superior lien as

against the appellant; ascertained and fixed the amount of the indebtedness of the Herrods to appellee, and ordered a sale of the land covered by the deed of trust, and the application of the proceeds of the sale first to the discharge of this indebtedness; and from this decree, the appellant has appealed.

Along with the submission of this cause on the merits there was submitted a motion to dismiss the appeal on the ground that the decree appealed from was merely interlocutory, and no appeal therefrom was granted by the court.

In support of this motion appellee relies principally upon cases involving the partition of property held by joint tenants, tenants in common, or coparceners, from which an appeal will lie, in which it is generally held that a decree awarding partition and appointing commissioners to divide the land according to the respective interests of the parties, or ordering a sale for a division of any proceeds, is merely interlocutory. But this rule does not apply in cases involving the final establishment and enforcement of a lien on property.

In Stebbins v. Niles, 13 Smedes & M. (21 Miss.) 307, it was held that where a bill is filed to subject lands to a lien, and the amount due is found, the land declared subject to the lien, and ordered to be sold to satisfy the same, this is a final decree from which an appeal would lie. To the same effect are the cases of Goff v. Robins, 33 Miss. 153; Robertson v. Johnson, 40 Miss. 500; Brandon v. Bingaman, 39 Miss. 505. See, also, the case of Cromwell v. Craft, 47 Miss. 44, wherein it was held that: "A decree on a bill to enforce a vendor's lien, which purports to be made on a full hearing 'on the bill and exhibits,' and other proceedings in the case, and establishes the right of complainant to enforce his claim against the land, and appoints a commissioner to sell it, unless, within a specified time, the defendants pay complainant the sum found due, and all costs, and directs the commissioner, in case of sale, to report his proceedings

at the next term, is not an interlocutory, but a final decree."

In Griffith's Chancery Practice, section 611, it is said that the rule announced in the above-cited cases "is the rule as to any foreclosure of a lien; so that after such a final decree the jurisdiction of the court ceases as to any adjudication on the merits, although the jurisdiction does not cease as to those steps necessary or proper to be taken to execute the decree,—the court necessarily retains the power to enforce and execute its own decrees, otherwise it would be idle to render them." The motion to dismiss the appeal will, therefore, be overruled.

There was no evidence tending to show that prior to the sale of all the assets and property of the Mutual Building & Loan Association to the appellant, the title of the association to the land in question, which it had acquired by virtue of the trustee's deed to it, had been divested, and it appears to be established that at that time the said association was the owner of both the legal and equitable title thereto. Under the contract of sale of all the property and assets of the said association, which was attempted to be fully consummated by the performance of the mutual obligations of the respective parties, the appellant acquired an equitable title to the land. 14A C. J. 543; Warren v. Mayer Fertilizer, etc., Co., 145 Mo. App. 558, 122 S. W. 1087.

It is undoubtedly true that if J. C. Herrod acquired any right, title, or interest in the said land by virtue of a deed executed in the year 1931, the lien of the deed of trust in appellee's favor attached thereto; but, in the absence of any facts that would make the appellee a subsequent purchaser for value, without notice of any outstanding title, the right acquired by appellee, as against appellant's equitable title, was no greater or higher than that acquired by Herrod. We think, however, that the evidence is not sufficient to support a finding that such a deed was executed. The only evidence to establish the execution of the alleged lost or destroyed deed was the

testimony of appellee that Herrod told him that he had reacquired the title to this land, and the recitation in the face of the deed that was delivered on July 5, 1935, that it was executed in lieu of a former deed. The recitations in this deed were at most merely prima facie correct, and the uncontroverted evidence is that this recitation was inserted therein by the draftsman of the deed, who was an official representative of the grantor, on his general understanding and assumption that such a deed had been executed. But if we assume for the purpose of the argument that such deed was executed and that the deed which appeared of record on July 5, 1935, was executed by officers of the association having the authority so to do, we think appellee's position as against the appellant is not improved thereby.

At the time of the execution of the purported lost deed, and the deed to J. C. Herrod which was filed for record on July 5, 1935, the Mutual Building & Loan Association had nothing more than the naked legal title to the land, which was subject to be divested in favor of appellant as against it or any of its vendees, except a purchaser for value, without notice of the outstanding equitable title. The testimony to the effect that J. C. Herrod was not a purchaser for value is uncontradicted, and, if he acquired the legal title under either of these deeds, he acquired it subject to the equitable rights of the appellant therein. At the time the deed of trust in favor of Luther A. Smith, guardian, was assigned to appellee, the record title of this land was in the Mutual Building & Loan Association, and so continued until July 5, 1935. The appellee was charged with notice of that fact, which was sufficient to put him upon inquiry as to the title; and the purchase by him of the security on the mere statement of Herrod that he had acquired title to the land, in the face of the record notice to the contrary, was insufficient to bring appellee within the classification of a purchaser for value without notice of the equitable rights of appellant. Consequently, as against

the appellant the appellee acquired no right or lien that was superior to the equitable right and title of the appellant.

Appellee contends, however, that the appellant cannot assert any right arising out of this purchase of the stock and assets of the Mutual Building & Loan Association, on account of the provisions of section 3442, Code 1930, prohibiting corporations from acquiring the capital stock of any competing corporation, if such other corporation be engaged in the same kind of business, where the effect of such acquisition of stock may be to substantially lessen competition, or to restrain trade or competition in the state or any community thereof, or tend to create a monopoly of any line of commerce, and will be inimicable to the public welfare. We do not think this statute has any application to the facts shown in this record. At the time of the sale of its stock, the Mutual Building & Loan Association was apparently hopelessly insolvent, and was facing a threatened receivership at the hands of its supervising state officer. It does not appear that the appellant was then engaged in business in the same community or territory as the association; and while it proposed in its offer to open an office there for the purpose of making industrial loans, it does not appear that such loans would create any material competition with the business of a building and loan association, or create or tend to create a monopoly therein. The sale of this stock was made in an effort to save a sinking ship, and thereby protect as far as possible the creditors and stockholders of the failing corporation, and certain it is, that this sale could not be said to have been inimicable to the public welfare.

Upon the state of the pleadings, we are of the opinion that no final decree could be entered here on appellant's cross-bill, and, therefore, the decree of the court below will be reversed, and the cause remanded.

Reversed and remanded.