## WORTHY, et al. *v.* GRAHAM

No. 42540  February 4, 1963  149 So. 2d 469

*William S. Turner*, Aberdeen, for appellants.

*Blair & Anderson, Mitchell, McNutt & Bush*, Tupelo, for appellee.

LEE, P. J.

The Chancery Court of Monroe County, after hearing this cause upon the original bill, amendments thereto, service of process, answer of the defendants, and proof offered in open court, by decree of date of September 28, 1961, found that the complainant, T. W. Graham, was the owner and holder of certain promissory notes, and the deed of trust, securing them, which were executed by the defendants, J. W. Worthy and others; that some of the notes were then past due in the amount

of $6,000, plus interest, and that there was an additional amount still outstanding on other notes; and that the complainant had substituted Frank A. Riley as trustee in the place of John Anderson, the original trustee, and that such substitution should be ratified and confirmed. It was therefore adjudged that the complainant was entitled to have the substituted trustee advertise and sell the lands described in the deed of trust for the full amount due on the notes unless the defendants, within thirty days from the date of the decree, should pay the amount then due on the notes past due; that said trustee was authorized and directed to advertise and sell the property in accordance with the terms of the deed of trust as to advertising and selling for the payment of the full amount of the notes; and that the action of the trustee in making the sale in accordance with this decree should stand confirmed without further order of the court. Costs were taxed against the defendants, who prayed for an appeal in open court and the same was granted.

Thereafter, on the 4th day of April 1962, the substituted trustee in this cause, filed a report in the Chancery Court of Monroe County in which he said that in pursuance of the decree of the court of September 28, 1961, directing him to sell the following described land in Monroe County (describing it), he did, on the 6th day of February 1962, at the west door of the Monroe County Courthouse in the City of Aberdeen, Monroe County, Mississippi, within lawful hours, having first given notice as required by said deed of trust and said decree by publishing same in three public places, proceed to sell the land at public auction to the highest bidder when T. W. Graham bid $12,500, which was the highest and best bid; that the same was struck off to him and he was declared to be the purchaser; that he had executed a trustee's deed to the purchaser and the terms of the sale had been fully complied with; that the property

sold for a fair and reasonable price; and he prayed for the confirmation of the sale and his discharge from further duties.

On the date on which the report was filed, the substituted trustee notified the defendants in the cause in writing that, on the 13th day of April 1962, at 9 o'clock A. M., he would apply to the chancellor in chambers at Pontotoc, Mississippi, for confirmation of the sale.

On April 12, 1962, the solicitor for the defendants filed what was denominated an answer to the petition to confirm in which he said, (1) "defendants deny that proper and legal notice was given of the sale, and demand strict proof thereof", and (2) pled that the deed of trust was barred by the statutes of limitations under Secs. 719 and 722 of the Code of 1942, Rec. He also attached as an exhibit an alleged certified photostatic copy of the deed of trust in question and asked that the same be considered a part of the answer. This answer was not sworn to.

On April 13, 1962, a decree was entered by the chancellor which recited that it came on for hearing on motion of the substituted trustee under said deed of trust and in accordance with a decree of date September 28, 1961, for the confirmation of property sold by him, the description of the property being as follows: (describing it.) The decree further recited: "And it appearing to the satisfaction of the court that the said substituted trustee complied in all respects to all of the terms of said decree and that the land brought a fair price and that T. W. Graham was the best and highest bidder in the sum of $12,500 and that said substituted trustee has executed a deed of conveyance to the said T. W. Graham and that notice according to law has been given to all parties of interest that hearing will be heard this date," it was therefore ordered, adjudged and decreed that the sale should be ratified and confirmed.

The notice by the solicitor for the defendants to the chancery clerk, of date of April 19, 1962, shows that they desired an appeal from the decree dated April 13, 1962, confirming the sale of certain lands therein described in said decree.

The applicable part of Sec. 1147, Code of 1942, Rec., is as follows: "An appeal may be taken to the Supreme Court * * * from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties; * * *"

(Hn 1) The first question to be decided in this case is whether or not the appellants here are appealing from a final decree of the chancery court. Griffith's Miss. Chancery Practice, The Decree, Secs. 609, 610, 611, point out in detail what it takes to constitute a final decree. At p. 649, it is said: "A final decree is one which finally determines and settles the case on its complete merits — which neither omits nor reserves any of the material issues with respect to the merits — and leaves nothing remaining to be done, except those merely formal, or ministerial or executive subsequent orders or decrees necessary or proper to enforce the final decree. The decree is final when it terminates the actual litigation between the parties and leaves nothing to be done except to enforce what has been determined. In other words, if a decree leave no matter of the actual merits undetermined which was material to a judicial determination on the merits of the case it is final." At p. 650, it is said: "The supreme court of this state has elaborated upon it thus: A final decree is one that makes an end of the controversy, determines the costs, and leaves nothing further for the court to act upon so far as the merits of the issues are concerned. When all the facts and circumstances necessary to a complete explanation of the matters in litigation are brought before the court and are so fully and clearly ascertained by the pleadings on both sides that the court from them is enabled to

collect the respective merits of the parties litigant, and upon full consideration determines between them according to equity and good conscience the decree is final. A decree is final when nothing in the case is reserved by the court for further decision.''

Again, it is said at pp. 651-2, ''When a bill is filed to subject lands to a lien and the amount due is found, the land declared subject to the lien and ordered sold to satisfy the same, this is a final decree and is appealable as such. A decree on a bill to enforce a vendor's lien which purports to be made on a full hearing. on the bill, exhibits and other proceedings in the case and establishes the right of complainant to enforce his claim against the land, and appoints a commissioner to sell it, unless within a specified time the defendants pay the complainant the sum found due, and all costs, and directs the commissioner in case of sale to report his proceedings at the next term is not an interlocutory, but a final decree; *and this is the rule as to any foreclosure of a lien; so that after such a final decree the jurisdiction of the court ceases as to any adjudication on the merits, although the jurisdiction does not cease as to those steps necessary or proper to be taken to execute the decree, — the court necessarily retains the power to enforce and execute its own decrees, otherwise it would be idle to render them.''* (Emphasis supplied.)

The above-underscored excerpt from Sec. 611 of Griffith's Miss. Chancery Practice was cited with approval in Industrial Finance and Thrift Corporation v. Smith, 179 Miss. 323, 175 So. 206. See also Cromwell v. Craft, 47 Miss. 44; Blum v. Planters' Bank and Trust Co., etc., 154 Miss. 800, 122 So. 784; Industrial Finance and Thrift Corporation v. Smith, supra, and authorities there cited.

Since complete relief was afforded in the decree of September 28, 1961, that was a final decree and nothing further remained for the court to do. **(Hn 2)** The appeal,

not having been perfected by filing bond within ninety days, as required by statute, became barred. Sec. 753, Code of 1942, Rec.; Davidson, et al. v. Hunsicker, 224 Miss. 203, 79 So. 2d 839; G. M. & O. R. R. Company v. Forbes, 228 Miss. 134, 87 So. 2d 488.

(Hn 3) The supplemental report simply showed a compliance with the direction that had been given to the trustee by the court. Obviously then the appeal in this case is not from a final decree of the chancery court within the purview of Sec. 1147 of the Code, supra.

(Hn 4) Besides, Sec. 1291, Code of 1942, Rec., requires that answers must be full. The language of the statute is: ''The defendant shall answer fully all the allegations of the bill without being specially interrogated. All matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted.'' See also Griffith's Miss. Chancery Practice, Answers, Sec. 348, pp. 333-4. The purported denial by the appellants that proper and legal notice was given of the sale amounted to no denial at all because it in no way pointed out wherein the notice was improper or illegal. Even if equity, on a good faith effort and showing, might have felt constrained at this stage to open the matter for further consideration, no issue was tendered on that question by the answer which was filed.

Besides, the decree said that ''It appearing to the satisfaction of the court that the said substituted trustee complied in all respects to all of the terms of the said decree.'' That expression would warrant an appellate court in holding that the chancellor in fact heard oral or documentary evidence to satisfy any question as to the sufficiency of the advertisement. But while the appellants argue in their brief that no evidence was heard, there was no notice to the official court reporter to transcribe any evidence that might have been taken, and

there was no stipulation that evidence was not taken on this hearing.

(Hn 5) Of course the foreclosure in this case was neither initiated nor consummated under Sec. 888 of the Code. Sec. 1377 of the Code governs in the matter of sales and notice thereof under decrees. The applicable part of that section is as follows: "Every sale of real estate ordered by a decree of any court of chancery shall be made for cash, unless otherwise ordered by the court, and at such place and on such notice as may be directed in the decree * * *". Jones, et ux. v. Spearman, et al., 174 Miss. 781, 165 So. 294, held that Sec. 2167, Code of 1930, now Sec. 888, Code of 1942, had "no application whatever to foreclosures in chancery."

From what has been said, it follows that this Court should not merely dismiss the appeal, but also affirm the action of the trial court.

Affirmed.

*Arrington, Ethridge, Gillespie and McElroy, JJ.,* concur.