398 So.2d 1323 (1981)
Kenneth E. MURRAY
v.
HUGGERS MANUFACTURING, INC.
No. 52682.
Supreme Court of Mississippi.
June 3, 1981.
Albert D. Malone, Michael S. Allred, Satterfield & Allred, Jackson, for appellant.
Steven D. Orlansky, Watkins & Eager, Jackson, for appellee.
Before SMITH, P.J., and WALKER and BROOM, JJ.
WALKER, Justice.
Kennenth E. Murray filed suit in the Circuit Court of the First Judicial District of Hinds County against Huggers Manufacturing, Inc. charging breach of contract and fraud. Huggers, appearing specially, moved the court to dismiss the action for lack for jurisdiction, which motion was sustained. Murray appeals. We reverse and remand.
Kenneth Murray is an adult resident citizen of the First Judicial District of Hinds County, Mississippi. Huggers is a Texas corporation engaged in the manufacture of "huggers," a cup-shaped synthetic product designed to surround and insulate beverage containers to prevent loss or gain of heat. On or about June 15, 1979, Murray contacted the defendant in Bay Town, Texas, and entered into an oral agreement with the defendant for exclusive sales territory. This territory was subsequently modified to include most of Mississippi and all or part of three other states. Also, the defendant later promised Murray a commission of three cents on each unit of "huggers" product sold from another source in Murray's territory. In October of 1979 Murray visited the defendant's plant in Bay Town, Texas, and concluded an oral agreement with the defendant for an exclusive dealership for a term of one year, commencing November 1, 1979, and ending October 31, 1980.
During the calendar year 1979 the defendant had over $50,000 in sales in Mississippi. Affidavits introduced at the hearing *1324 on the motion to dismiss disclosed that stores in Mississippi ordered "huggers" from the defendant for delivery in Mississippi, and some of these orders were made through Murray. The "huggers" were shipped by common carrier to the stores in Mississippi.
Other affidavits disclosed that several telephone conversations were had between Huggers in Texas and Murray in Mississippi, and that a representative of Huggers came to Jackson, Mississippi, in August, 1979, to meet with Murray and another representative.
The defendant has never owned or operated a plant, factory or other facility within the State of Mississippi, has never had an office, telephone listing, bank account, or real or personal property situated within the State of Mississippi, and has never qualified to do business within the State of Mississippi.
The only question presented by this appeal is whether or not Mississippi Code Annotated section 13-3-57 (Supp. 1980) applies and whether or not the trial court erred in dismissing the suit. Section 13-3-57 reads, in part, as follows:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state ... to be true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings ... arising from or growing out of such contract ... by any such nonresident. .. . (Emphasis added).
The plaintiff's action is based upon a contract between the parties which was to be partially performed in Mississippi, and process on the defendant was had pursuant to section 13-3-57. The plaintiff was a resident of this State; he conducted negotiations for the purchase and/or distribution of a significant amount ($50,000 in one year) of the defendant's product by telephone from Mississippi; and, according to the agreement plaintiff was to expend time and money selling the defendant's product. The defendant, a nonresident, completed the transactions with full knowledge of the plaintiff's residence and shipped a large quantity of its product to various businesses in Mississippi, thus, having an impact on the commerce of this State. Further, the defendant purposely availed itself of the privilege of doing business with a Mississippi resident, accepting several orders made through plaintiff and shipping its product to the purchasers in Mississippi. By the above acts, the plaintiff invoked the benefit and protection of Mississippi's laws and could reasonably have anticipated that its acts would have consequences in Mississippi, even though the contract was allegedly consummated in Texas.
The exercise of jurisdiction, under the facts presented, by the courts of Mississippi, under our long arm statute, is consistent with statutory and constitutional requirements. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
This case is controlled by Miller v. Glendale Equipment & Supply, Inc., 344 So.2d 736 (Miss. 1977), in which this Court held that the trial court erred in holding it did not have jurisdiction under the Mississippi long arm statute. Also see Electro-Craft Corp. v. Maxwell Electronics Corp., 417 F.2d 365 (8th Cir., 1969), which has nearly identical facts.
The case sub judice is readily distinguishable from Lakeside Bridge & Steel Co. v. Mountain State Construction Co., 597 F.2d 596 (7th Cir., 1979), cert. denied, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980). That case involved the shipping of goods out of the state, and not the delivery of *1325 goods into the state. The only significant contact with the forum was the placing of an order with an in-state manufacturer. Just recently, in Galbraith & Dickens Aviation Insurance Agency v. Gulf Coast Aircraft Sales, Inc., 396 So.2d 19 (Miss. 1981), this Court explained why an out-of-state seller is more easily made subject to actions brought in this State on behalf of resident purchasers or users than are nonresident buyers.
Therefore, the trial court erred in holding that it did not have jurisdiction and in sustaining the motion to dismiss. For that reason, the judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.
There are other assignments of error raised that were not considered by the trial court for the reason, apparently, that the defendant had appeared specially for the purpose of challenging the in personam jurisdiction of the court. Therefore, the assignments are not properly before us on this appeal.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.