450 So.2d 93 (1984)
Charlie TUGGLE, Jr.
v.
Ralph E. WILLIAMSON, et al.
No. 54220.
Supreme Court of Mississippi.
May 16, 1984.
*94 Bobby Owens, Owens & Byrd, Nausead Stewart, Jackson, for appellant.
Thomas L. Kesler, Sams & Kesler, Columbus, for appellees.
Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
WALKER, Presiding Justice, for the Court.
The appellant, who is an inmate at the Mississippi State Prison at Parchman, Mississippi, appeals from an order of the chancery court confirming a special commissioner's sale of a small parcel of land owned by him in Lowndes county.
This litigation began as a suit to partition a piece of real property located in Lowndes county. The appellant owned an interest in the property and, therefore, was made a defendant to the action. Since Mr. Tuggle is a prisoner, the chancery court appointed a guardian ad litem to represent him in the suit. As a result of the suit, the property was partitioned in kind, and the appellant received a portion of the property based on his proportional interest.
On appeal the appellant challenges, among other things, the authority of the chancery court to impose an attorney's lien on the real estate for services rendered by the attorney acting as his guardian ad litem.
The decree of partition under which the attorney's fees were awarded and the lien was imposed was entered on July 15, 1981. Thereafter, Thomas Kessler, the guardian for Charlie Tuggle, instituted a suit to enforce his attorney's lien. On December 7, 1981 a final decree was entered ordering the sale of Mr. Tuggle's portion of the real estate to satisfy the lien. The property was sold, and on January 4, 1982 the special commissioner returned a written report of the sale to the chancery court. On July 30, 1982 the chancellor entered an order confirming the sale.
The appellee has made a motion to dismiss on the grounds that the appeal was not perfected within 45 days from the decree ordering the sale of the property. The appellant, on the other hand, argues that the appeal was timely since it was made within 45 days of the order confirming the sale.
*95 In support of his motion, the appellee contends that the time to perfect an appeal in such matters runs from the decree ordering the sale, not from confirmation of the sale.
In Worthy v. Graham, 246 Miss. 358, 149 So.2d 469 (1963) the Court was presented with an appeal from an order confirming a foreclosure sale. Discussing whether the appeal was timely made, the Court quoted from Griffith's Mississippi Chancery Court Practice:
"When a bill is filed to subject lands to a lien and the amount due is found, the land declared subject to the lien and ordered sold to satisfy the same, this is a final decree and is appealable as such. A decree on a bill to enforce a vendor's lien which purports to be made on a full hearing on the bill, exhibits and other proceedings in the case and establishes the right of complainant to enforce his claim against the land, and appoints a commissioner to sell it, unless within a specified time the defendants pay the complainant the sum found due, and all costs, and directs the commissioner in case of sale to report his proceedings at the next term is not an interlocutory, but a final decree; and this is the rule as to any foreclosure of a lien; so that after such a final decree the jurisdiction of the court ceases as to any adjudication on the merits, although the jurisdiction does not cease as to those steps necessary or proper to be taken to execute the decree,  the court necessarily retains the power to enforce and execute its own decrees, otherwise it would be idle to render them."

246 Miss. 363, 149 So.2d 469. The Court then held that the appeal was not timely made since it was not perfected within 90 days of the decree ordering the foreclosure sale.
As in Worthy, supra any appeal on the merits of this case should have been made from the decree ordering the sale. Since no appeal was perfected within 45 days of entry of this decree, the appeal must be dismissed. Accordingly, it is not necessary to discuss the appellant's assignments of error.
However, we note that the appellant has raised serious questions regarding the validity of the deed because of lack of authority of the chancery court to impose an attorney's lien on real property. Under the common law, courts were without power to impose an attorney's lien on real estate. Mississippi follows the common law rule except where changed by statute. In this instance, there is no statute changing the common law rule. See Martin v. Harrington, 57 Miss. 208 (1897). Consequently, the chancellor was without authority to impose an attorney's lien. Any sale made to enforce the erroneously imposed lien would convey no valid title.
For the foregoing reasons the appeal should be dismissed without prejudice to the appellant to pursue any other appropriate action.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PRATHER, J., not participating.