460 So.2d 839 (1984)
FIRST MISSISSIPPI NATIONAL BANK, et al.
v.
S & K ENTERPRISES OF JACKSON, INC., et al.
No. 54481.
Supreme Court of Mississippi.
November 28, 1984.
Rehearing Denied January 9, 1985.
*840 Thomas Hudson, Gerald, Brand, Watters, Cox & Hemleben, Robert S. Murphree, James W. Newman, III, W. Larry Latham, Jackson, for appellants.
Alex A. Alston, Jr., Beth Clay, Thomas, Price, Alston, Jones & Davis, Jackson, for appellees.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
First Mississippi National Bank (hereinafter Bank) filed a bill of complaint in the Chancery Court of the First Judicial District of Hinds County, to foreclose its deed of trust executed by S & K Enterprises and secured further by the personal guarantees of S & K's five (5) stockholders. Defendant stockholder Zoltan Kovacs filed a motion to dismiss because he was not subject to service of process in Mississippi. Having concluded Kovacs had insufficient contacts with the State of Mississippi to support in personam jurisdiction, the court entered a decree dismissing the bill of complaint against Kovacs. The Bank has appealed.
Alleging the attempted appeal was interlocutory and was not perfected within the statutory time, Kovacs filed a motion to dismiss the appeal and a brief in support thereof. The Bank resisted the motion to dismiss and filed a brief in opposition to Kovacs' motion.
In mid 1978 Bernard Sarme, Richard Stowell, Joseph Kirkland, and Arnold Smith, Jr., formed a corporation called S & K Enterprises to purchase a building on Lakeland Drive in the City of Jackson, to renovate it, and operate it as a discotheque. Kovacs, an interior designer from California, was hired to supervise the renovation. Subsequently Kovacs purchased 20% of the stock of S & K Enterprises.
*841 The purchase and renovation were financed through a loan of $550,000.00 from the Bank to S & K Enterprises, secured by a deed of trust on the property. The nightclub, called Zoli's in honor of Kovacs, opened for business in late 1978.
The Bank instituted foreclosure on June 2, 1981, after the note and deed of trust were not paid. On October 2, Kovacs filed a motion to dismiss which was sustained by the court on December 11. The Bank amended its complaint against Kovacs on January 27, 1982, prompting Kovacs to file a second motion to dismiss on April 23. However, we do not reach the issue of res judicata because Kovacs voiced no objection to the Bank's motion for leave to amend the bill of complaint; further, Kovacs fully participated in the second hearing.
The second decree dismissing Kovacs was entered July 30, 1982. On August 3, the court entered its Decree for Judgment and Sale which determined the amount of the debt, ruled that the Bank had a valid first lien on the property, and empowered the Bank to foreclose on its deed of trust. The petition for an appeal from the decree dismissing Kovacs was filed on September 13. The next day on September 14, the court entered its decree confirming sale and granting deficiency judgment.
We first address Kovacs' proposition that the appeal should be dismissed for failure to comply with Mississippi Code Annotated, § 11-51-7 (Supp. 1984), which requires appeals from interlocutory orders or decrees to be applied for within 30 days after the order or decree is filed. It is undisputed the Bank did not petition for appeal until September 13, 45 days after the entry of the decree dismissing Kovacs; the appeal if interlocutory would therefore fail according to § 11-51-7. However, the Bank disputes the characterization of this appeal as interlocutory and argues it is prosecuting an appeal from a final decree according to Mississippi Code Annotated, § 11-51-3 (1972). We therefore turn to the question of whether this appeal is proper as one from a final decree.
Kovacs argues the appeal fails under § 11-51-3 as construed by this Court. The substance of this contention is his definition of the September 14 Decree Confirming Sale and Granting Deficiency Judgment as the final decree. Dismissal is required, Kovacs contends, because the Bank petitioned for appeal on September 13, one day before this decree was entered. Citing Worthy v. Graham, 246 Miss. 358, 149 So.2d 469 (1963), we recently held in Tuggle v. Williamson, 450 So.2d 93 (Miss. 1984), that in determining the timeliness of such appeal, time runs from the entry of the decree ordering the sale rather than from the order confirming the sale. Applying this rule to this case, we are of the opinion time ran from the August 3 decree for judgment and sale and that the September 13 petition for appeal was not premature and was therefore properly granted.
We likewise reject Kovacs' argument that the Bank, not having filed a petition for appeal within thirty (30) days of the order dismissing Kovacs, is now precluded from appealing this issue from the time of the entry of the final decree by authority of § 11-51-3. No language in that statute or in § 11-51-7 supports this proposition. We are of the opinion the interlocutory appeal statute merely grants the aggrieved litigant the option of requesting an interlocutory appeal within 30 days; we find no statutory language stating the issue that could have been raised by an interlocutory appeal is lost so that such issue cannot be raised in the appeal from the final judgment.
We turn now to the question of whether the lower court erred in ruling that Kovacs was not subject to the in personam jurisdiction of the Chancery Court of the First Judicial District of Hinds County. It must first be determined whether the Mississippi Long-Arm Statute, Mississippi Code Annotated, § 13-3-57 (Supp. 1980), reaches Kovacs. That statute provides in pertinent part that any non-resident person

*842 ... who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi... .
The original note and deed of trust were signed by Joseph Kirkland and Richard Stowell, the Vice President and Secretary-Treasurer of S & K Enterprises, on September 14, 1978. Stowell alone signed a renewal note and deed of trust on September 26, 1979. The notes were payable at any office of the Bank and we note from the record there are no offices of the Bank other than in this state.
On August 30, 1979, in Mohave County, Arizona, Kovacs executed a personal guaranty securing the loan from the Bank to S & K Enterprises. Both the note and the guaranty provided they be construed according to Mississippi law.
On similar facts we held the guarantor was subject to jurisdiction under the Long-Arm Statute. In Shackelford v. Central Bank of Mississippi, 354 So.2d 253 (Miss. 1978), the non-resident executed a loan guaranty agreement wherein he agreed to indemnify the bank in the event of default on an indebtedness owed by Pilgrim Properties, Inc. to the bank. The court noted,
... The loan guaranty agreement was executed in order to enable Pilgrim Properties, Inc. to obtain credit at intervals from appellee. Appellant signed the agreement in Albany, Georgia, his place of residence. The instrument provided that the guaranty was to be construed according to the laws of the State of Mississippi and was to be performed by appellant in said state. It was accepted by appellee at its office in Brandon, Mississippi.
354 So.2d at 254.
Since in Shackelford these facts were held sufficient to invoke jurisdiction under the Long-Arm Statute, we are of the opinion that case requires an identical holding here. The facts are essentially the same: the instruments, while executed out of state by a non-resident, provided that they be performed in Mississippi and construed according to Mississippi law; they were also accepted in Mississippi. Therefore, we must hold § 13-3-57 gives the chancery court jurisdiction over Kovacs.
We next consider whether subjecting Kovacs to in personam jurisdiction meets the due process requirements of the Fourteenth Amendment of the United States Constitution. This question involves determining whether it is "fair and reasonable to require the defendant to come into the state and defend the action." Marathon Metallic Building Company v. Mountain Empire Construction Co., 653 F.2d 921, 923 (5th Cir.1981). The appropriate test was set out in Great Western United Corporation v. Kidwell, 577 F.2d 1256, 1266 (5th Cir.1978):
Only if the nonresident defendant has such "minimum contacts" with the state "that the maintenance of the suit does not offend `traditional notions of fair play and justice'," International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), or if the defendant has performed some act "by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), may the forum, consistently with due process, extend its long arm to embrace it.
... Of necessity, inquiries into whether the exercise of personal jurisdiction is permissible in a particular case are sensitive to the facts of each case... .
*843 See also Mississippi Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003 (5th Cir.1982).
The affidavit of Joseph Kirkland states that S & K Enterprises had originally hired Kovacs to "design and construct the interior of Zoli's Discotheque... ." At least twice a month during the latter part of 1978, Kirkland "visited the premises [of Zoli's] and conferred in person with ... Kovacs as to ... the progress of the design work in the interior of the building..."
Additionally, the affidavit of Julian C. Cornett, a Vice President of the Bank, stated Cornett had on at least two different occasions during the latter part of 1978 visited the premises and conferred in person with Kovacs about the progress of the project. Further, Cornett stated, "Kovacs and/or his company was also engaged in 1979 to perform certain repairs necessitated by the flood in April 1979." As previously stated, Kovacs also personally guaranteed the loan from the Bank to S & K Enterprises.
We are of the opinion that by engaging in these activities Kovacs purposefully availed himself of the privilege of doing business with the Mississippi resident in Mississippi and therefore could reasonably have anticipated that his conduct would have consequences in this state. As held in Murray v. Huggers Manufacturing, Inc., 398 So.2d 1323 (Miss. 1981), these factors satisfy the due process requirements for the exercise of jurisdiction under the Long-Arm Statute. In view of the facts we are of the opinion no unfairness would result from requiring Kovacs to defend this suit in Mississippi.
For these reasons, the judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.