J. F. DAVIDSON ET AL. *v.* J. M. WALLACE ET AL.

1. CHANCERY. *Publication. Non-residents.*
   Under § 1013, Code 1871, it is only necessary that notice to non-resident defendants in chancery be published for four consecutive weeks. It is not required that such notice should be published for one month.

2. SAME. *Jurisdiction. Co-tenants. Contribution. Case in judgment.*
   W. owned an undivided two-thirds interest in a tract of land, and D. the remaining undivided one-third interest. W. paid the taxes on all of the land, to prevent its being sold, and, by agreement with D. to share the expense, made improvements on the common estate. W. assigned his claim for reimbursement, and the assignees filed a bill in chancery to subject D.'s one-third interest in the land to the payment of his proportion of the amount so paid by W. for taxes and improvements. *Held,* that a Court of Chancery is the proper forum in which to seek relief in this case.

3. CO-TENANTS. *Expenditures. Contribution. Lien.*
   If a tenant in common expends money to discharge an incumbrance on the common estate and makes improvements for the common benefit in pursuance of an agreement with his co-tenant to share the expense, he has a right to enforce a lien on the interest of the co-tenant in default to reimburse himself such expenditures.

4. SAME. *Contribution. Lien. Taxes.*
   Where one of tenants in common pays the taxes on the whole of the common estate, and thereby prevents a sale of the same, he has a right, in the absence of any agreement upon the subject, to charge the interest of his co-tenant with a lien for the proportionate part which such co-tenant should have paid.

APPEAL from the Chancery Court of Bolivar County.

Hon. CHARLES CLARK, Chancellor.

This case comes up on the pleadings, which are substantially set forth in the opinion of the court.

*T. J. & F. A. R. Wharton,* for the appellants.

1. In a proper proceeding and in the proper forum the appellees would have recourse for reimbursement of the amount expended by Wicks, for taxes on the one-third interest of Davidson in said lands, and for one-half the amount expended in improvements upon said land. He could have recovered these sums, with interest, in an action at law in *indebitatus*

*assumpsit* for money paid out and expended on account of said Davidson, and at his request.

2. The fact that there was a joint tenancy between Wicks and Davidson in said lands — the former holding an undivided interest of two-thirds, and the latter of one-third — no more gives to said Wicks a *lien* (the lien which the State held) for taxes on said one-third paid by him, than it would give such lien to a stranger who might, *sua sponte*, have paid such taxes. The non-payment of the taxes on said one-third, either by the owner or by Wicks, and the consequent forfeiture thereof to the State, could not and would not have affected the title of said Wicks to the two-thirds owned by him. As to the claim of lien upon said one-third for one-half the amount expended in improvements upon the entire lands by said Wicks, we consider it quite unnecessary to make any comments or cite any authorities. The bill proceeds upon a totally mistaken idea of the doctrine of contribution as between several sureties, where one of them has discharged a judgment lien. The payment by Wicks of the taxes on said one-third interest instantly discharged and satisfied, or rather extinguished, the lien held by the State. The State could by no act 'have assigned or transferred such lien to him; *a fortiori*, would it not be assigned or transferred to him by mere operation of law.

3. It is not perceived that the heirs of P. M. Davidson, deceased, the original purchaser of said one-third interest, were necessary or proper parties to said bill. We insist that the bill was demurrable, because they were improperly made parties defendant. The bill shows that, after the death of their father, and long prior to the filing of this bill, they sold said one-third interest, which they inherited from their father, to their uncle, T. J. Davidson, who afterwards died.

4. Again, the bill shows that the heirs of T. J. Davidson, deceased, were minors when the bill was filed. No guardians *ad litem* were appointed for them. Appearance of counsel, and filing demurrer in their names, and for them, could not bind them. For this error the decree should be reversed.

5. An equally fatal objection to the decree is, that the publication for the non-resident defendants was not made for the length of time required by law. The publication was for four

weeks. It began on the 12th of February, 1876, in No. 28 of the paper, and ended March 11, 1876, in No. 32, less than thirty days, the time prescribed by law. There were twenty-nine days in February, 1876; excluding the day of publication, the 12th, there remained seventeen days in that month: it ended on the 11th of March, making only twenty-eight days' notice of publication. In *Mitchell* v. *Woodson*, 37 Miss. 567, the court say, " Three months' notice requires a calendar, not a lunar month, and that a calendar month intervene between the date of the first publication and the date of the last, excluding the one and including the other of those dates."

*Nugent & McWillie*, for the appellees.

1. There is apparent equity and justice in the bill. Mr. Justice Story says: " A far more important and beneficial exercise of equity jurisdiction, in cases of apportionment and contribution, is when incumbrances, fines and other charges on real estate are required to be paid off, and are actually paid off, by some of the parties in interest." 1 Story Eq. Jur. § 483. The jurisdiction has been maintained in *Cheeseborough* v. *Millard*, 1 Johns. Ch. 409; *Scribner* v. *Hickok*, 4 Johns. Ch. 530; *Stevens* v. *Cooper*, 1 Johns. Ch. 425; *Thomas* v. *Hearn*, 2 Porter (Ala.), 262; *Thompson* v. *Murray*, 2 Hill Ch. (S. C.) 204. The doctrine seems also to have been distinctly announced in this State. *Peck* v. *Glass*, 6 How. (Miss.) 195; *Peebles* v. *Horton*, 39 Miss. 406; *Dennis* v. *Gellespie*, 24 Miss. 581.

2. As to the lien of taxes upon lands the statutes of this State are express. Taxes assessed upon lands shall bind the same, and be entitled to preference over all judgments, executions, incumbrances or liens, whensoever created; and all taxes assessed shall be a lien upon and bind all property, real and personal, of the party assessed, from the first day of January of the year in which the assessment shall be made. Code 1871, § 1665. And this lien is continued in favor of the purchaser at tax sales, when the title is void. Code 1871, § 1718. The levee laws expressly lay the taxes upon lands, and declare that they shall be and are first liens. Acts 1865, p. 51; Acts 1866–67, p. 237.

3. As to the improvements made by Wicks, the authorities

are equally conclusive. Story says: "Another species of lien is that which results to one joint owner of any real estate, or other joint property, from repairs and improvements made upon such property for the joint benefit, and for disbursements touching the same. This lien . . . sometimes arises from a contract, express or implied, between the parties, and sometimes it is created by courts of equity, upon mere principles of general justice, especially where any relief is sought by the party who ought to pay his proportion of the money expended in such repairs and improvements ; for in such cases the maxim well applies, *Nemo debit locupletari ex alterius incommodo.*" 2 Story Eq. Jur. § 1234.

4. The only means of obtaining such an account by one tenant in common of another was by bill in chancery, which court had original jurisdiction in that behalf, founded on the peculiar relation of the parties, and not at all depending on the need of discovery and the incidental right of administering full and final relief. 1 Story Eq. Jur. § 466 ; *Leach* v. *Beatties,* 33 Vt. 200.

A decree for an account is a necessary incident to the exercise of equity jurisdiction, when equitable compensation is involved, as when the estate has been improved by one party by the expenditure of money, &c. *Rozier* v. *Griffith,* 31 Mo. 174 ; *Root* v. *Stow,* 13 Met. (Mass.) 10 ; Freeman on Cotenancy and Partition, §§ 321, 322.

CAMPBELL, J., delivered the opinion of the court.

The appellees, as assignees of Wicks, exhibited their bill in chancery to compel an accounting for taxes paid by him on land owned by him and Davidson as tenants in common, and for improvements made by him on the land, in pursuance of an agreement between the co-tenants to share the cost equally. The bill seeks contribution, and to have a lien declared on the land for the sum found due on the accounting sought. The administrators and heirs of Davidson are made parties, and the vendors of Davidson, who are shown by the bill to make some claim to the land, are also made defendants. The bill was demurred to, and demurrers overruled, and decree appealed from. It is insisted that the decree must be reversed, because,

it is said, a guardian *ad litem* was not appointed for minors shown to be such by the bill, and because notice to non-resident defendants was not published for one month. The bill does not show that any of the defendants are minors, and the notice was published for four consecutive weeks, which is all the law requires. Code, § 1013. The proper parties were before the court, and the complainants sought relief in the proper forum. Freeman on Cotenancy and Partition, § 321; 1 Story Eq. Jur. §§ 466, 477, 483.

If one of the tenants in common expended money to discharge an incumbrance on the common estate, and made improvements for the common benefit, in pursuance of an agreement with his co-tenant to share the expense, he has a right to enforce a *lien* on the interest of the co-tenant in default to reimburse him such expenditures. Freeman on Cotenancy and Partition, § 263; 2 Story Eq. Jur. §§ 1234, 1237; 2 Sugden on Vendors, 426; Dart on Vendors and Purchasers, 433, 434; 3 Parsons on Cont. 282.

Taxes were a lien on the land, for which it would have been sold if they had not been paid. If it had been sold, either of the joint owners could have redeemed, and asserted a lien on the land for the necessary expenditure. Freeman on Cotenancy and Partition, § 176. Wicks, having prevented the sale of the land by payment of the taxes, had the right to charge the interest of his co-tenant with a lien for what he should have paid, and that, too, without any agreement on the subject. The assignees of Wicks can assert his claim.

The decree is affirmed, and cause remanded for the defendants to answer within sixty days after the mandate shall have been filed in the court below.