*W. M. Glass* and *W. C. Wright,* for plaintiff in error.
*H. A. Hall* and *W. S. Hubbard,* contra.

---

## LESTER *et al. v.* LESTER.

SIMMONS, C. J. Both the pleadings and the evidence bring this case clearly within the jurisdiction of a court of equity. The questions of law raised in the record do not present any reason for reversing the judgment of the lower court ; and that court did not abuse its discretion in granting the injunction.
*Judgment affirmed.　By five Justices.*

Submitted May 18, — Decided May 30, 1903.

Injunction.　Before Judge Lumpkin.　Fulton superior court. March 14, 1903.

J. F. Lester's petition alleged, that he and the defendants were sons of H. Lester, who died about 1880, leaving a house and lot in Atlanta; that his children agreed that their mother should occupy the property for her life, and they would divide it among themselves upon her death; that she died in March, 1900; that in October 1880, the four daughters of H. Lester conveyed their interests in the property to the parties hereto, as tenants in common, subject to the life-estate of their mother, in consideration of $1,000, which sum was paid by the plaintiff, the defendants furnishing no part thereof and never having paid or offered to pay any of it, or anything for taxes, repairs, or improvements on the property; that the plaintiff has paid divers sums (which are set out) for these purposes, which payments were necessary and were made with the knowledge and acquiescence of the defendants, who have not offered to reimburse him; that it was always the understanding that he should be reimbursed for these expenditures when the property should be sold; that the defendants were offering their interests for sale; and that they were insolvent.　The prayers were, for injunction against their selling or incumbering their interests; for an accounting, and

judgment against them for their part of the expenditures he had made on the property; for partition; and for general relief.

The answer set up that one of the defendants paid to the plaintiff $500 on the purchase-price of the interests of their sisters in the property, and the other defendant offered to pay to the plaintiff his pro rata share thereof, but the plaintiff refused to receive it, saying "that would be all right," or words to that effect; that the payments for taxes, improvements, and repairs were made from a mercantile business in which the plaintiff and one of the defendants were equal partners; that all payments for taxes and other expenditures made during the life of their mother should have been made by her, and if made by plaintiff for her, his claim therefor was against her life-estate, and not against defendants, who deny any such knowledge, acquiescence, or understanding as alleged by him; that his claim, if any he has, is barred by limitation; that he has received the rents of the property since September 1, 1900, to the exclusion of the defendants; that there are unpaid taxes on the property for three years; and that a materialman has filed a lien thereon, etc.; that the plaintiff is indebted to defendants, and not they to him; and that he is insolvent.

On these pleadings and on conflicting evidence the court granted an injunction against the defendants until the case could be heard on its merits and the rights of the parties determined by final decree.

*J. H. Porter*, for plaintiffs in error.   Payments by tenant in common: 35 Am. St. R. 419: Civil Code, § 2823; 21 Am. & Eng. Enc. L. 1170; Freeman on Cot. & Part. § 506.   Expenses during life-estate chargeable to life-tenant: 81 *Ga.* 229; 74 *Ga.* 278; 100 *Ga.* 446.   Injunction not proper: *Ga. Rep.* 52/231; 30/370; 41/124; 74/762; 95/359; 54/215; 77/29; 69/126, 491; 71/289, 818; 111/725.

*Mayson, Hill & McGill*, contra.   Equitable relief: Civil Code, §§ 4833, 4783–5, 3147.   Partition: Story's Eq. Jur. §§ 647 et seq.   Injunction: 57 *Ga.* 38; 79 *Ga.* 164.   Tenant in common, payments by: 79 Ky. 148; 41 Ill. 158; 91 Pa. St. 438; 79 N. Y. 478; 98 Ill. 78; 42 Ia. 128; 86 Ill. 29; 53 Miss. 475; 54 Miss. 323.