CONNOLLY, et al. *v.* McLEOD.

Apr. 13, 1953

No. 38708 27 Adv. S. 17 63 So. 2d 845

*Quitman Ross* and *Edwin P. Connolly,* for appellants.

*Collins & Collins,* for appellee.

HOLMES, J.

The subject matter of this suit has been previously before this Court in the case of Connolly v. McLeod, 212 Miss. 133, 52 So. 2d 473, and we refer to our opinion in that case for a more detail statement of the facts out of which the litigation arose. A brief relation of essential and undisputed facts will be sufficient for a proper consideration of the issues presented on this appeal.

In April, 1948, the appellee, James H. McLeod, entered into a partnership agreement with Peter Joe Connolly, Jr., to erect and equip a building on a vacant lot belonging to Mrs. P. J. Connolly, Sr., in the City of Laurel for the purpose of operating a restaurant business. Pursuant to the agreement, each of the partners provided his share of the costs and erected the building and equipped the same with necessary furniture and fixtures, and began the operation of the business under the name of P. & T. Grill. After the business had been operated for approximately eleven months, the partnership was dissolved by mutual consent and McLeod accepted a position in Texas. Peter Joe Connolly, Jr., continued thereafter to operate the business until September, 1949, when he discontinued the same. Mrs. Connolly notified McLeod by long distance telephone of the discontinuance of the business and requested that he return to Laurel and resume the operation thereof. He returned a short while thereafter and an effort was made without success to rent the building and equipment. Later, Mrs. Connolly, without the authority or consent of McLeod, rented the building and equipment for restaurant purposes to one C. E. Biglane for a rental of $125.00 per month, and Biglane thereupon began the operation of a restaurant business in the building under the trade name of P. & T. Grill. While Biglane was in the possession of the building and its equipment, McLeod filed suit in the Chancery Court of the Second Judicial District of Jones County against

Mrs. P. J. Connolly, Sr., Peter Joe Connolly, Jr., and C. E. Biglane, claiming that upon the dissolution of the partnership he had sold his interest in the building and equipment to Peter Joe Connolly, Jr., for an agreed price of $3,600.00, to be paid in installments of $50.00 per month, and that no part thereof had been paid, and he sought by his suit to have a lien fixed upon the building and equipment and to have the building and equipment sold thereunder for the satisfaction of the purchase price, and sought further a decree against Mrs. P. J. Connolly, Sr., and C. E. Biglane for one-half of the rent theretofore paid by Biglane to Mrs. Connolly. On the hearing of the cause, the chancellor found that the building had been erected on the land of Mrs. Connolly with her knowledge and implied consent and that it retained its character as personal property; that there was no valid sale of appellee's interest to Peter Joe Connolly, Jr., and that the building and equipment were owned in equal proportion by McLeod and Peter Joe Connolly, Jr., and that they were entitled to remove the same from the premises of Mrs. Connolly, and further adjudged under the prayer for general relief that McLeod was entitled to one-half of the rents collected and to be collected from the property, and that McLeod was entitled to recover of Mrs. P. J. Connolly, Sr., and Biglane the sum of $425.00, being one-half of the rentals paid by Biglane to Mrs. Connolly to April 15, 1950. On an appeal from that decree, this Court affirmed the same and remanded the cause to the trial court "for such further proceedings as may be necessary and proper to enable the appellee and Peter Joe Connolly, Jr., as the owners of said building, fixtures, and equipment, to remove the same from the lot owned by the appellant, or to make such other disposition of the building, fixtures, and equipment as they may deem best or as the court may direct." The date of the affirmance of the decree by this Court was May 21, 1951.

The judgment entered in this Court pursuant to the affirmance of the decree of the court below was later corrected on motion of the appellee so as to provide therein the right of the appellee to recover of Mrs. Connolly, and Peter Joe Connolly, Sr., and Mrs. Patty C. Overstreet, the sureties on the appeal bond, the aforesaid sum of $425.00, together with interest, damages, and costs, and the mandate of this Court was thereafter issued under date of October 8, 1951, and filed in the court below on October 13, 1951. On the latter date, to-wit, October 13, 1951, the appellee on this appeal filed his petition in the Chancery Court of the Second Judicial District of Jones County against Mrs. P. J. Connolly, Sr., Peter Joe Connolly, Jr., P. J. Connolly, Sr., Mrs. Patty C. Overstreet, C. E. Biglane, and O. A. Wilson, praying a partition of the aforesaid building, furniture, fixtures and equipment as between him and the said Peter Joe Connolly, Jr., and seeking a recovery of rents paid to the said Mrs. P. J. Connolly, Sr., subsequent to April 15, 1950. By a later petition, the appellee joined in the suit H. J. Flood and Thomas Segrest, who later occupied the property as claimed tenants of Mrs. Connolly. The defendants to the aforesaid petitions denied the right of appellee to the relief prayed for, and the defendant, Mrs. P. J. Connolly, Sr., sought by cross-bill, in the event the court should adjudge the right of the appellee to recover rents, to be declared entitled to credit for a reasonable rental on the land occupied by the building, and for all expenditures made by her for taxes, repairs, and the discharge of balances due on fixtures and equipment, and other expenditures, and for reasonable commissions for her services in renting the property. Mrs. Connolly further incorporated in her answer a plea in abatement upon the theory that the petitions filed by the appellee constituted an independent suit and that the original suit involving the same subject matter was undetermined and undisposed of and pending on the docket of the court.

The case proceeded to a hearing on appellee's petitions. (Hn 1) The court overruled the plea in abatement, and we think rightly, upon the grounds that while the clerk gave a new docket number to the appellee's petition, it was in fact a further proceeding in the original suit designed to carry out the mandate of the Supreme Court pursuant to its judgment of affirmance.

The undisputed proof showed, and the court found, substantially the following: That on December 19, 1951, Peter Joe Connolly, Jr., conveyed his interest in the building, fixtures, and equipment to Mrs. P. J. Connolly, Sr.; that subsequent to April 15, 1950, the date to which the rents were adjudicated on the former appeal, the property had been occupied successively by C. E. Biglane, O. A. Wilson, H. J. Flood, and Thomas Segrest as claimed tenants of Mrs. Connolly, to whom they paid the rent during the respective period of their occupancy, with the exception of $150.00 withheld by O. A. Wilson after being advised that McLeod was asserting a claim thereto, which $150.00 was later paid into court by the said Wilson; that during the period from April 15, 1950 to March 31, 1952, inclusive, Mrs. Connolly had collected rents aggregating the sum of $2,200.00, and that McLeod was entitled to recover one-half of that sum, less $25.00 theretofore paid him by H. J. Flood; that the tenants in paying the rent to Mrs. Connolly had notice of McLeod's claim with the exception of O. A. Wilson, who upon being notified of McLeod's claim discontinued further payments to Mrs. Connolly and withheld accruing rent amounting to $150.00 and later paid the same into court; that McLeod was entitled to one-half of said sum of $150.00 so paid into court by Wilson; that Mrs. Connolly had paid taxes on the property in question aggregating the sum of $289.26, and had further expended the sum of $310.51 for necessary repairs to the building and in discharging balances due on the equipment and that Mrs. Connolly was entitled to a credit as against

McLeod's share of the rents collected by her for one-half of the aforesaid sum of $289.26, and the aforesaid sum of $310.51, or one-half of the aggregate amount of $599.77. The court further found the amount of rent paid by each tenant to Mrs. Connolly with notice of McLeod's claim, and further found that McLeod, the appellee here, was entitled to recover of Mrs. P. J. Connolly, Sr. the sum of $775.12, as one-half of the rentals collected by her on said property during the period from April 15, 1950 to March 31, 1952, after deducting McLeod's one-half of expenditures for taxes, repairs, and balances on equipment. The court further found that C. E. Biglane was jointly liable to the appellee with Mrs. P. J. Connolly, Sr. for $225.00 of the aforesaid amount of $775.12 for one-half of the rentals during his occupancy of said property, and that Thomas Segrest was jointly liable to appellee with Mrs. P. J. Connolly, Sr. for $250.00 of said amount of $775.12 for one-half the rentals during his occupancy of said property. Since H. J. Flood was shown to have accounted to the appellee for rent in the sum of $25.00 accruing during his occupancy and since O. A. Wilson had accounted for and paid into court the sum of $150.00 as rent accruing after notice by him of the appellee's claim, the court found that the proceedings as against the said H. J. Flood and O. A. Wilson should be dismissed. It appearing that P. J. Connolly, Sr. and Mrs. Patty C. Overstreet were only sureties on the appeal bond in the former appeal, and that the judgment affirmed on the former appeal had been satisfied, the court found that the proceedings as against the said P. J. Connolly, Sr. and Mrs. Overstreet should be dismissed. The court further found that the property should be partited and divided equally and equitably between the appellee, James H. McLeod, and the appellant, Mrs. P. J. Connolly, Sr., and further found that the parties in open court agreed and requested that the building be torn down and the materials, together

with the fixtures and equipment, be divided equally between the appellee and the appellant, Mrs. P. J. Connolly, Sr. The court entered a decree accordingly, rendering a personal decree in favor of the appellee and against Mrs. P. J. Connolly, Sr., C. E. Biglane, and Thomas Segrest in accordance with their respective liability for rent as found by the court, and also decreed that the building be torn down and the material and the furniture and fixtures divided equally between the appellee and the appellant, Mrs. P. J. Connolly, Sr., to the extent that said property was susceptible of a division in kind and directed that such of said property as was not susceptible of a division in kind be sold and the proceeds equally divided between the owners thereof, and appointed a commissioner to make said partition. From the decree entered, Mrs. P. J. Connolly, Sr., C. E. Biglane, and Thomas Segrest prosecute this appeal.

It is first contended by the appellants that the trial court erred in overruling the plea in abatement, it being contended that the proceedings instituted following the affirmance of the original appeal by the Supreme Court constituted a separate suit involvirg the same subject matter, while a suit so involving the same subject matter was pending and undisposed of. We think the court committed no error in overruling the plea in abatement. The court treated, and we think properly, the petition filed following the affirmance of the original decree by the Supreme Court as being a further proceeding in the same cause. It is manifest that it was in fact a further proceeding in the same cause to carry out the mandate of the Supreme Court on its original hearing of the cause.

It is further contended by the appellants that the appellee forfeited his right to a removal of the property from the land of Mrs. Connolly for the reason that he was an original licensee on the property and terminated his license to occupy the same when he left for Texas, and that since he failed to remove the building from

the property within a reasonable time the building became a part of the realty. We do not think the facts sustain this contention. The appellee was guilty of no laches or delay in instituting further proceedings following the affirmance of the original decree by this court. The record discloses that on the same day that the mandate of this Court was filed in the Court below, the appellee filed his petition for a removal and a partition of the property, and for the recovery of his portion of the rents collected by Mrs. Connolly.

Appellants also contend that the court erred in not allowing Mrs. Connolly credit for necessary repairs and the payment by her of unsecured debts which the appellee had left unpaid at the time he withdrew from the partnership operations. Mrs. Connolly was under no obligation to pay such debts so left by McLeod and was entitled to no credit for such of said debts as she may have paid. The trial court allowed Mrs. Connolly credit for all repairs to the property found by the trial court to be necessary. We, therefore, find no merit in appellants' contention with reference to these items.

 It is also complained by the appellants that the court erred in refusing to allow Mrs. Connolly ground rent on the land occupied by the building. Mrs. Connolly herself testified that in renting the property to the several tenants she charged no ground rent, but permitted the tenants to occupy the building on the payment of a rent which she fixed for the use of the building and the equipment. Under these circumstances, we think the court was correct in disallowing credit to Mrs. Connolly for ground rent.

The appellants also contend that Mrs. Connolly was entitled to a commission for her services in renting the property. She undertook to rent the property without the authority of the appellee and without any agreement with the appellee, either expressed or implied, for compensation for her services. Under these circumstances,

no obligation devolved upon the appellee to compensate her for such services. Lake v. Perry, 99 Miss. 347, 54 So. 945.

It is further complained that the court erred in rendering a decree against the appellants C. E. Biglane and Thomas Segrest. The evidence disclosed that the rents paid to Mrs. Connolly by these appellants were paid after notice of the appellee's claim. They therefore became jointly liable with Mrs. Connolly to the extent of appellee's share of the rents paid by each respectively. We find no error, therefore, in the action of the court in the decree rendered by it as against the appellants Biglane and Segrest.

The basic rights of the appellee in the property in question and the rents derived therefrom were adjudicated on the former appeal. The further proceedings had in the cause and now under review were instituted in accordance with the decision of this Court on the former appeal, which remanded the cause to the lower court "for such further proceedings as may be necessary and proper to enable the appellee and Peter Joe Connolly, Jr., as the owners of said building, fixtures, and equipment, to remove the same from the lot owned by the appellant, or to make such other disposition of the building, fixtures, and equipment as they may deem best or as the court may direct". The proceedings now under review were further proceedings in the cause in accordance with the decision of this Court, and we find no error therein.

The appellee has prosecuted a cross-appeal, contending that the court below erred in allowing Mrs. Connolly credit on the rents collected by her for expenditures for taxes, necessary repairs and balances on equipment. It is set forth as a general rule in 14 Am. Jur., page 113, Sec. 47, that "a co-tenant who has paid the entire amount of taxes or special assessments levied against the common estate has a right to contribution from his co-

tenant proportionate to the extent of their interests in the property, and in a proper case he may be accorded a lien to secure payment thereof.'' Again it is said in 14 Am. Jur., page 109, Sec. 43, that ''it is a settled rule that when one co-tenant has paid a debt or obligation for the benefit of the common property, or has discharged a lien on or an assessment imposed against it, he is entitled as a matter of right to have his fellows refund to him their proportionate shares of the amount paid, or else abandon their interests in the property.'' It is conceded by the appellee that a tenant in common is ordinarily entitled to contribution for necessary repairs where his possession is not such as to amount to an ouster of his co-tenants. The argument of the appellee is, however, that Mrs. Connolly obtained exclusive possession of the common property by means of an ouster, or its equivalent, of the other joint owner and must answer for the value of her use and occupancy whether she has profited thereby or not. It is not necessary for us to decide whether the acts of Mrs. Connolly with respect to the property amount to or are the equivalent of an ouster of the other joint owner. The principle applicable to that situation is not applicable to the nature of appellee's suit. The appellee's action here is for an accounting for rents and for a partition. In 14 Am. Jur., page 115, Sec. 48, it is said as follows: ██ ''In general, if an action or bill for an accounting for rents and profits, or a suit for partition, is brought against a co-tenant, he will be allowed any amount expended for necessary repairs, on the equitable principle that one who seeks equity must do equity.'' The same principle of equity is applicable to the expenditures made by Mrs. Connolly for taxes and for the discharge of balances due on the equipment forming a part of the common property. We have accordingly concluded that the court was not in error in allowing Mrs. Connolly credit for the expenditures referred to.

After a careful review of the entire record, we are of the opinion that the findings of the trial court are amply

supported by the evidence and fully warranted the decree entered, and that no reversible error appears in the proceedings. The decree of the court below is, therefore, affirmed on both direct and cross-appeal.

Affirmed on direct and cross-appeal.

*Roberds, P. J.,* and *Hall, Lee,* and *Arrington, JJ.,* concur.