474 So.2d 598 (1985)
Clista Merritt DAUGHTREY
v.
William Donald DAUGHTREY.
No. 54906.
Supreme Court of Mississippi.
August 7, 1985.
*599 Elliott Andalman, Andalman, Adelman & Steiner, Hattiesburg, for appellant.
Anthony Sakalarios, Morris & Sakalarios, Hattiesburg, for appellee.
Before WALKER, P.J., and SULLIVAN and PRATHER, JJ.
PRATHER, Justice, for the Court:
This appeal in a partition of realty suit addresses in part the affirmative defense of hardship and fraudulent acquisition of titles. The judgment from the Chancery Court of Forrest County, Mississippi orders the partition by public sale of real property consisting of a lot and a house jointly owned by Clista Merritt Daughtrey, appellant/defendant, and William Donald Daughtrey, appellee/plaintiff. Preliminary *600 to a hearing on the merits, counsel for Mr. Daughtrey made a motion to strike two affirmative defenses set forth in Mrs. Daughtrey's answer, which defenses were hardship and fraudulent acquisition of title and duress. The court sustained these motions to strike on the ground that as a matter of law hardship was not a proper defense to the right of partition and that any suit alleging undue influence or fraud was barred by the statute of limitations. At trial, the court denied the third affirmative defense set forth in Ms. Daughtrey's answer that in the event partition was granted, Ms. Daughtrey should be allowed to purchase Mr. Daughtrey's interest in said property under terms and conditions which she could afford. Ms. Daughtrey assigns the following as error on appeal:
(1) The decision of the chancellor to grant, without a hearing on the merits, the plaintiff's motion to strike the defendant's affirmative defense of hardship and oppression was reversible error;
(2) The decision of the chancellor to grant, without a hearing on the merits, the plaintiff's motion to strike the defendant's second affirmative defense, which defense challenged the plaintiff's title to the property in question, was reversible error;
(3) The decision of the chancellor to deny the defendant's third affirmative defense, which requested that the defendant be allowed to purchase the property from the plaintiff under terms and conditions which she could afford, was reversible error on the record before the court.

I.
Mr. and Mrs. Daughtrey were married in 1954 and lived in a house belonging solely to Mrs. Daughtrey. Mrs. Daughtrey alleged that in 1957, Mr. Daughtrey forced her to sell that home to purchase another piece of property in which he would have a one-half interest, by constantly badgering her and knocking her about until she consented to put his name on the deed. In 1964 they traded this property for the property at 300 Griffith Street, the property subject to this suit. The Daughtreys were divorced in 1979, and Mrs. Daughtrey was awarded exclusive use and possession of the property until their child was emancipated. The court specifically found that Mrs. Daughtrey was not entitled to any alimony and that the award of use and possession of the property was in the nature of child support until the minor child of the parties was emancipated, a condition which has occurred. Mrs. Daughtrey alleges she is in poor health, capable of only part-time work, with only $800 in her bank account, and unable financially to purchase her home at a public sale. A psychiatrist testified after one examination of Mrs. Daughtrey that she was suffering from a "very depressive reaction", that she was "schizophrenic," that "to force Mrs. Daughtrey to move would put her in danger because her adjustment is very fragile and that an increase in Mrs. Daughtrey's depression increases the potential for suicide." A cousin and employer of Mrs. Daughtrey testified that if Mrs. Daughtrey moved out of her home "she'd probably have her a nervous crackup or something".
The property in question consists of a four bedroom brick veneer home located on a 100 by 150 foot lot with a 16 by 32 swimming pool.

II.
Was it reversible error for the chancellor to grant Mrs. Daughtrey's motion to strike Mrs. Daughtrey's affirmative defense of hardship and oppression?
The statutes controlling partition are found in Miss. Code Ann. § 11-21-1 et seq. Miss. Code Ann. § 11-21-3 in pertinent portion provides:
Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands or some part thereof, are situated... .
*601 and Miss. Code Ann. § 11-21-11, in pertinent part, provides:
If, upon hearing, the court be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or if the court be satisfied that an equal division cannot be made, it shall order a sale of the lands, or such part thereof as may be deemed proper, and a division of the proceeds among the cotenants according to their respective interests... .
Therefore, this Court looks to these statutes and its decisions construing the same to resolve this issue. These parties being cotenants are permitted to seek a sale of their interests when incapable of partition in kind when the sale will promote the interests of all parties. An incumbrance will not defeat partition of realty. Doran v. Beale, 106 Miss. 305, 63 So. 647 (1913). However, an outstanding dower interest or homestead exempt property of a widow will prevent partition. Gilleylen v. Martin, 73 Miss. 695, 19 So. 482 (1896) (and citations therein as to outstanding unassigned dowers); Stevens v. Wilbourn, 88 Miss. 514, 41 So. 66 (1906) (as to homestead of a widow). However, a divorced wife may not partite the former marital home where the parties' property agreement gave exclusive use and control to the husband. Rushing v. Rushing, 414 So.2d 429 (Miss. 1982); Weeks v. Weeks, 403 So.2d 148 (Miss. 1981). The spouse to whom the exclusive use of the home is granted, however, is not defeated in seeking partition. Blackmon v. Blackmon, 350 So.2d 44 (Miss. 1977).
None of the above Mississippi decisions create in one owner the affirmative defense of hardship or oppression as relied upon by the appellant Mrs. Daughtrey. For her supporting legal authority, the appellant relies upon two Oklahoma cases.
In Hassell v. Workman, 260 P.2d 1081 (Okla. 1953), the Oklahoma Supreme Court held that the district court is vested with judicial discretion to refuse to give effect to a partition right where it appears that continued joint ownership of the property will not be detrimental or intolerable but on the other hand, will work inequitable hardship or oppression upon the co-tenant opposing such action. Also, in Wolfe v. Stanford, 179 Okla. 27, 64 P.2d 335 (1937), the Oklahoma court said that "inability of a cotenant to purchase should not constitute a defense under ordinary circumstances." Id. at 338. The Wolfe case further stated that "a denial of the remedy for partition can only be justified in the most extreme cases and then only when an intolerable situation with reference to control and use of the property does not exist." Id. at 339.
However, as early as 1914 in Forest Product & Mfg. Co. v. Buckley, 107 Miss. 897, 66 So. 279 (1914) this Court held that a partition is statutory and not dependent on common law or equity.
Additionally, this Court held in Garrett v. Colvin, 77 Miss. 408, 26 So. 963 (1899) that possession or the right of possession in tenants in common gives an absolute and unconditional right to partition however inconvenient it may be to make it. Id. at 964. See also Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949).
The trial court concluded that as a matter of law the defense of hardship is not available in the State of Mississippi. Having examined these sources, this Court concludes that the trial court was correct in so holding. Nor does this Court find error in striking the asserted defense preliminary to a hearing on the merits.

III.
Was it reversible error to strike Mrs. Daughtrey's second affirmative defense which challenged Mr. Daughtrey's title to the property, preliminary to a hearing on the merits?
The lower court concluded that as a matter of law Mrs. Daughtrey has been since the 14th day of November, 1964, charged with knowledge of Mr. Daughtrey's interest and that any attack on his interest was barred by the statute of limitations in Mississippi. Additionally, the court further *602 held that any attack in the property was barred by litigation of their property interest in a divorce proceeding in 1979 when Mrs. Daughtrey asserted no challenge to the title of Mr. Daughtrey.
Miss. Code Ann. § 15-1-7 (1972) establishes that the statute of limitations applicable to actions to recover land is ten years. The property subject to partition was purchased in November of 1964 and the right to bring the action accrued at that time.
Mrs. Daughtrey asserts that she was not aware that she was not entitled to permanent use of the property until 1980 and the statute of limitations should run from that point.
However, in Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960) this Court held that in a case of fraud, the cause of action accrues at the time at which "the fraud shall, or, with reasonable diligence might, have been first known or discovered." Id. at 438. See also Aultman v. Kelley, 236 Miss. 1, 109 So.2d 344 (1959). It is unreasonable to assert that with reasonable diligence Mrs. Daughtrey did not know of her husband's title after she claims duress in execution of the deed.
The property interests of the parties were subject to previous litigation, and at that time Mrs. Daughtrey swore that she and her husband owned a one-half interest in the property. Mr. Daughtrey contends that judicial estoppel is applicable citing Coral Drilling Inc. v. Bishop, 260 So.2d 463 (Miss. 1972). Although Coral Drilling was determined by the doctrine of election of remedies, this Court recognized that the "courts should on their own initiative preclude a party from repudiating in one suit its sworn statement made in support of former litigation." Id. at 466.
Judicial estoppel arises from the taking of a position by a party to a suit that is inconsistent with the position previously asserted in prior litigation. Banes v. Thompson, 352 So.2d 812 (Miss. 1977); Wright v. Jackson Municipal Airport Authority, 300 So.2d 805 (Miss. 1974); Sullivan v. McCallum, 231 So.2d 801 (Miss. 1970). In Thomas v. Bailey, 375 So.2d 1049 (Miss. 1979) this Court stated:
In the cases in which this Court has invoked the doctrine of judicial estoppel, the party against whom the estoppel was sought, knowingly, with full knowledge of the facts, asserted a position which was inconsistent with the position in prior judicial proceedings.
Id. at 1053.
Judicial estoppel is applicable in this case, and Mrs. Daughtrey is estopped from challenging Mr. Daughtrey's interest in this property. The trial court's ruling in this respect was proper.

IV.
Was it reversible error for the chancery court to deny the third affirmative defense that Mrs. Daughtrey be allowed to purchase the land in question under terms and conditions which she could afford?
Mrs. Daughtrey's supporting authority addresses this court's decisions holding that a partition in kind is preferred over a partition sale. Mathis v. Quick, 271 So.2d 924 (Miss. 1973). See also Carter v. Ford, 241 Miss. 511, 130 So.2d 852 (1961); Smith v. Stansel, 43 Miss. 69, 46 So. 538 (1908).
These authorities are not applicable to the issue raised. Nor do we find statutory authority for the arrangement she requests, short of the parties' agreement under Miss. Code Ann. § 11-21-1 which provides in that "partition of land ... may be made by agreement... ."
The request of Mrs. Daughtrey for terms upon which she could purchase the property side steps the establishment of a sales price at public sale and, by analogy, constitutes a divestment of property out of the ex-husband and an investment in the wife. In Welborn v. Welborn, 386 So.2d 722, 725 (Miss. 1980) this Court cited Bunkley & Morse's Amis on Divorce And Separation in Mississippi, § 6.06 (1957), which states: The Supreme Court has held that the chancellor cannot, simply by decree or judicial *603 fiat, divest real property out of the husband and invest it in the wife.
The maxims of the chancery courts include two rules applicable here: "equity follows the law" and "to protect and enforce property rights is the object of equity." V. Griffith, Mississippi Chancery Practice, § 34, at 37 (2nd ed. 1950). The statutory directives regarding partition do not permit the chancery court to make such an arrangement. The statutes were followed by the trial judge, and this Court affirms his actions. This assignment is without merit.

V.
It is noted that the chancellor entered a final decree ordering sale of the property from which this appeal was taken. Tuggle v. Williamson, 450 So.2d 93 (Miss. 1984) (a timely appeal on the merits from a decree ordering a partition sale, as distinguished from a decree confirming the sale, is proper); Worthy v. Graham, 246 Miss. 358, 149 So.2d 469 (1963) (a decree to enforce a lien is a final, rather than interlocutory appeal).
The chancellor reserved jurisdiction in the final decree to determine and adjust the equities of the parties' court costs, and attorney's fees at a later date. This practice is commonly followed in chancery courts and permits discretion with the chancellor to serve the best interests of the parties. Sanction for this procedure is found in Griffith's Chancery Practice, supra, § 627, at 681 wherein it states:
Wherein the decree is intended to be interlocutory rather than final, unless its interlocutory character would otherwise appear, there should be inserted a reservation of the matters that are to be dealt with, and such reservations being made, the parties must see to it that the reserved matters are thereafter suitably docketed and further proceedings with in [sic] due season according to the nature of the reservation.
The reservation here of equity adjustment in no way affected the final disposition of the order of sale and is in accord with Tuggle, wherein a decree for order of sale is final.
The statutory authority to dispose of all equities is contained in pertinent portion in Miss. Code Ann. § 11-21-9.
... . [T]he court may adjust the equities between and determine all claims of the several cotenants, as well as the equities and claims of encumbrances.
However, the statute does not set forth at what time this determination should occur, whether before or after the sale. The record reflects that the trial judge was apprised of claimed improvements, repairs, taxes, and maintenance allegedly paid by Mrs. Daughtrey. There is no error assigned in the chancellor's deferring that consideration until after the sale. Nor does this action appear inconsistent with this court's holding in Tuggle, supra, that the decree ordering sale is a final decree when the court specifically reserved jurisdiction of equities, costs, and fees for later determination. The better practice, however, would be to adjudicate the parties' equities prior to sale in order to guide the parties bidding procedure and financing as well as avoid multiplicity of lawsuits. Upon this Court's affirmance of the trial court's action and remand for the conducting of the partition sale, this consideration should be made by the court. However, since it is not an assigned error, this Court does not mandate a procedure.
In consideration of the parties' equities, the Court directs attention to prior case law regarding cotenants. Lewis v. Latham, 224 Miss. 107, 79 So.2d 811 (1955) (repairs and improvements on common property considering necessity, good faith, substantial benefit); Davidson v. Wallace, 53 Miss. 475 (1876) (taxes); Walker v. Williams, 84 Miss. 392, 36 So. 450 (1904) (taxes); Connolly v. McLeod, 217 Miss. 231, 63 So.2d 845 (1953); 20 Am.Jur.2d Co-tenancy  Joint Ownership, § 63 p. 154 (acquiescence to improvements, betterments and enhancement); Delta Cotton Oil Co. v. Lovelace, 189 Miss. 113, 196 So. 644 (1940) (as to replacements for normal wear).
*604 The trial court's action was proper and this Court affirms his actions ordering the partition sale. The cause is remanded to proceed with the sale and determination of equities, attorney's fees, and court cost.
AFFIRMED AND REMANDED FOR ACTION NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.