551 So.2d 228 (1989)
Paul J. O'NEILL
v.
Avis O'NEILL.
No. 07-CA-58696.
Supreme Court of Mississippi.
September 13, 1989.
Rehearing Denied October 11, 1989.
*229 Thomas J. Lowe, Jr., Jackson, for appellant.
Barry Wade Gilmer, Gilmer Law Firm, Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This partition suit comes from the Chancery Court of the First Judicial District of Hinds County, Mississippi. The parties, former spouses, were owners of a home located in Jackson, Mississippi. On the petition of Avis O'Neill (hereinafter Avis) and pursuant to an order of the trial court, the house was sold at a partition sale. Paul O'Neill, Avis' former husband (hereinafter Paul), purchased the house at the sale subject to an existing mortgage. On a motion by Avis, however, the trial court set aside the sale for the reason that the sale was not conducted pursuant to the direction of *230 the trial court. At the second partition sale, Avis purchased the house; this sale was approved and the proceeds were distributed.
Paul now appeals the trial court's decision to set aside the first partition sale and order another sale, assigning as error the following:
(1) The trial court erred in holding that a partition sale of a home to the appellant subject to a mortgage should be set aside as inconsistent with the court's order directing a partition sale, when the order and the notice of sale, was drafted by the appellee's counsel and stated that the sale was subject to the mortgage.
(2) The trial court erred in not holding that the appellee was barred by the doctrine of judicial and equitable estoppel from having a partition sale set aside when the appellant purchased the home in good faith relying upon the representations and actions of the appellee and her counsel and in accordance with the "Notice of Sale" published by the appellee.
(3) The trial court abused its discretion in setting aside the partition sale to the appellant of the home of the parties in that the appellee was not harmed by the sale, it was done at her attorneys' direction, and the appellee had acted in good faith.
Avis cross-appealed claiming that Paul filed a frivolous appeal and requested that this Court award her the costs and attorney's fees she incurred defending this appeal.

I.
Avis O'Neill and Paul O'Neill were awarded a divorce on the ground of irreconcilable differences on January 31, 1983. In the final divorce decree, the chancellor awarded Avis the exclusive use and occupancy of the marital domicile for the benefit of and as a part of the support and maintenance of the minor child of the parties. In September of 1983, Avis and the minor child moved their residence to another state with the permission of the trial court. At the time of the move, however, Avis failed to petition the trial court for a modification of that portion of the final decree which required Avis to discharge the mortgage indebtedness on the marital domicile.
On October 21, 1983, Avis filed a complaint to partition the property described as Lot 132 Sunkist Subdivision, Part 1, according to Plat Book 26 at page 46 of the land records of Hinds County, Mississippi, in Chancery Clerk's office at Jackson, naming Paul and Deposit Guaranty Mortgage Company, the mortgage holder, as defendants under Miss. Code Ann. § 11-21-1 (1972). She prayed for an order appointing a Commissioner to sell the property, either publicly or privately, and to be awarded a portion of the proceeds from the sale sufficient to satisfy the terms of the final decree entered in the divorce between the parties. The complaint also contained a prayer for all expenses of the litigation to be imposed as a lien against the proceeds of the sale due to Paul. Paul counterclaimed for reimbursement of expenses of repairing and maintaining the house and of making mortgage payments.
In November of 1983, Paul began to occupy the house. In December of 1984, the chancellor modified the final divorce decree by awarding Paul the exclusive use and possession of the marital domicile subject to the right of either party to have the property partitioned. The chancellor further ordered Paul to discharge all mortgage indebtedness accruing subsequent to October 31, 1983. Paul appealed the order of modification to this Court. This Court affirmed the decision of the chancellor and awarded Avis attorney's fees, stating the following:
In considering the merit of the allegations before us and the history of litigation and resistance alluded to in the record, this appeal appears more closely akin to harassment than a quest for justice.
O'Neill v. O'Neill, 501 So.2d 1117, 1120 (Miss. 1987).
On May 27, 1985, Avis filed her motion for appointment of special commissioner averring that an equitable and equal division in kind could not be made of the property, *231 that a special commissioner should be appointed under § 11-21-11, Miss. Code Ann. The trial court, on July 31, 1985, appointed Carol English as special commissioner and ordered her to proceed with and effect the sale of the property. The trial court further ordered that the proceeds of the sale would be determined subsequent to the sale.
The legal notice which advertised the sale stated that the property would be sold subject to a mortgage in favor of Deposit Guaranty Mortgage Company in the amount of $33,487.11.
At the sale, the highest bidder was Paul for a cash purchase price of $47,000.00. On September 11, 1985, the special commissioner's report of sale and motion to pay fees and expenses was filed, and the order confirming the report was entered; both report and order were prepared by Paul's attorney and recited a cash purchase price of $47,000.00. The order directed that the proceeds from the sale be kept in an interest bearing account at the direction of a special commissioner, the distribution to be determined at the trial of the action. The order also affirmed the special commissioner's report and the commissioner was authorized and directed to execute a commissioner's deed to Paul.
On October 7, 1985, Avis filed a motion to set aside the commissioner's sale on the grounds that the sale was not conducted in full conformity with the order of the trial court dated July 31, 1985, nor was the property sold at a cash purchase price of $47,000.00, but instead was sold for a cash payment of $13,512.89 and an agreement by the purchaser to assume the outstanding mortgage with the Deposit Guaranty in the amount of $33,487.11. According to the motion, the method of sale constituted a defacto distribution of proceeds prior to the hearing on the matter and left Avis liable on a mortgage note when the purpose of the sale was to relieve the parties of their obligation to the property. Avis further requested that a new sale be conducted in accordance with the orders of the trial court and the laws of the State of Mississippi.
Paul opposed the setting aside of the sale on the grounds that the partition proceeding was conducted in all respects according to the law and evoked the doctrine of estoppel as all the documents and proceedings were prepared by Avis's attorneys and the partition sale was conducted at their direction.
At the hearing, the chancellor found that the notice and the report of the sale were contrary to the intent of the court expressed in its order and that the sale had to be set aside. An interlocutory order setting aside the partition sale was entered by the court on August 28, 1986, stating the defendant had given notice of his intent to appeal the interlocutory order.
A second partition sale of the house was effected on October 7, 1986. Avis purchased the house for $46,000.00 cash. Pursuant to an order of the trial court, a sum sufficient to fully satisfy the mortgage indebtedness was tendered to Deposit Guaranty Mortgage Company and the remaining proceeds of the partition sale were distributed to Avis and Paul by order of the trial court.

II.

DID PAUL O'NEILL FILE HIS APPEAL IN A TIMELY MANNER?
The appellee Avis O'Neill challenges the timeliness of Paul's appeal, contending that his appeal time ran from the August 28, 1986 date of the interlocutory order setting aside the first sale. The second partition sale was held on October 7, 1986, and on September 15, 1987, the second sale was confirmed and the proceeds of the partition sale distributed on August 28, 1986. Paul gave notice of appeal to the interlocutory decree; additionally he gave a second notice of appeal October 15, 1987, appealing both the final order and the previous interlocutory order.
The timeliness issue on this appeal is controlled by M.R.C.P. 54(a), which states that a "`judgment' as used in these rules includes a final decree and any order from which an appeal lies."
*232 The first question to be answered is whether the first decree of August 28, 1986, was a final decree under M.R.C.P. 54(a), and clearly in this case it was not. The style of the order itself represents that this decree is an interlocutory one, not a final one. No attempt to seek an interlocutory appeal under Mississippi Supreme Court Rule 5 was sought. The final judgment was entered September 15, 1987, and notice of appeal was perfected within thirty (30) days from the date of entry of the final judgment or order. (Mississippi Supreme Court Rule 4). Therefore, the appeal from a final order was timely made. Neither is the appellant precluded from raising an issue regarding the entry of the interlocutory decree on this appeal. This cross-assignment of error is without merit, and concluding so, this Court now considers the other issues.

III.

DID THE FIRST PARTITION SALE COMPLY WITH THE INTENT OF THE TRIAL COURT?
In an action for partition, the trial court is vested with the authority to order the sale of real estate subject to or free of encumbrances. Miss. Code Ann. § 11-21-9. If the real estate is sold free of encumbrances, then the mortgage or lien will attach to the proceeds of the sale. If the real estate is sold subject to the encumbrance, then the encumbrance remains a lien upon the land in the hands of the purchaser unless the mortgagee or encumbrancer ratifies the sale and sues for the purchase money. 4 Thompson, Commentaries of the Modern Law of Real Property, § 1828, p. 321 (1979).
It appears from the orders of the trial court that the proceeds from the partition sale would be used to release the mortgagors from their liability on the property. In its July 31, 1985 order, the trial court directed that the proceeds of the sale be determined at a date subsequent to the partition sale. The order setting aside the partition sale expressly directed that the property be sold "for a total cash purchase and sale including an amount sufficient to pay and satisfy the first mortgage on and against the property."
While the better practice "would be to adjudicate the parties' equities prior to sale in order to guide the parties bidding procedure and financing as well as avoid multiplicity of lawsuits," the chancellor did not err in reserving jurisdiction and deferring that consideration until after the sale. Daughtrey v. Daughtrey, 474 So.2d 598, 603 (Miss. 1985). The first partition sale, therefore, did not comply with the intent of the trial court and the trial court was not in error in setting it aside.

IV.

IS AVIS O'NEILL ESTOPPED FROM ASSERTING THAT THE FIRST PARTITION SALE FAILED TO CONFORM WITH THE INTENT OF THE TRIAL COURT?

A. Judicial Estoppel
This Court has invoked the doctrine of judicial estoppel only in those cases where the party against whom the estoppel is sought has knowingly, with full knowledge of the facts, asserted a position which was inconsistent with its position in prior judicial proceedings. Daughtrey v. Daughtrey, 474 So.2d 598 (Miss. 1985); Thomas v. Bailey, 375 So.2d 1049 (Miss. 1979). At no time has Avis O'Neill asserted an inconsistent position. She sought to set aside the first partition sale because the sale was not conducted in full conformity with the July 31, 1985 order of the trial court. The first partition sale left Avis liable on a mortgage note when the purpose of the partition sale was to relieve the parties of their financial obligation for the house. The doctrine of judicial estoppel, therefore, is not applicable.

B. Equitable Estoppel
The doctrine of equitable estoppel is based upon fundamental notions of justice and fair dealing. In order to work an estoppel a party must show: (1) that he has changed his position in reliance upon the conduct of another; and (2) that he has suffered detriment caused by his change of position in reliance upon such conduct. *233 PMZ Oil Co. v. Lucroy, 449 So.2d 201, 206 (Miss. 1984).
A party invoking the doctrine of equitable estoppel is invoking the equity jurisdiction of the court, and "[h]e who comes into equity must come with clean hands." V.A. Griffith, Mississippi Chancery Practice, § 42 (2d ed. 1950). The meaning of this maxim is to declare that "no person as a complaining party can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by wilful inequity... ." Id.
Paul O'Neill is precluded from invoking the doctrine of equitable estoppel because of his inability to prove good faith reliance on the advertisement of the first partition sale and the doctrine of "unclean hands." At the commencement of the first partition sale, Paul was charged with notice of the following facts:
(1) Avis wished to finally sever all economic ties to Paul and the marital domicile and any assumption of the mortgage indebtedness by Paul would leave Avis irrevocably bound by the Deed of Trust executed to Deposit Guaranty Mortgage Company.
(2) Prior to the filing of the complaint for partition, Avis had repeatedly requested that Paul participate in a private sale of the real estate.
(3) Within her complaint for partition, Avis had requested that she be awarded so much of the proceeds of the partition sale as were sufficient to satisfy the terms contained within the final decree of divorce.
(4) Deposit Guaranty Mortgage Company had affirmatively requested that the mortgage indebtedness be satisfied.
(5) The trial court had postponed any decision concerning the disbursement of the proceeds of the sale until a time subsequent to the partition sale.
(6) The advertisement for the sale of the marital domicile stated that the property would be sold for cash which necessarily excludes an assumption of the mortgage indebtedness.
Paul, with full knowledge of the above facts, willfully chose to participate in the sale of the marital domicile and to purchase the property for the sum of $13,512.89 cash money and to assume the outstanding mortgage in the amount of $33,487.11. Paul then misled Avis and the trial court by presenting to the court a special commissioner's report of sale and an order confirming special commissioner's report of sale which stated that the marital domicile was "sold to the highest and best bidder, namely Paul O'Neill, for the cash purchase price of $47,000.00."
This Court, therefore, concludes that Paul has not acted fairly to invoke the doctrine of equitable estoppel.

V.

DID THE CHANCELLOR ABUSE HIS DISCRETION WHEN HE SET ASIDE THE FIRST SALE AND ORDER A SECOND SALE OF THE MARITAL DOMICILE?
The July 31, 1985 order of the trial court which directed the sale of the marital domicile specifically reserved jurisdiction to determine the equities and to enforce its own decree. While the better practice would have been for the trial court to "adjudicate the parties' equities prior to sale in order to guide the parties bidding procedure and financing," the trial court did not err in reserving jurisdiction. Daughtrey v. Daughtrey, 474 So.2d 598, 603 (Miss. 1985).
The trial court found that the first partition sale did not comply with its order. Because the trial court reserved jurisdiction to determine the equities and to enforce its own decree, it did not abuse its discretion in ordering a new sale. This assignment of error, therefore, is without merit, and therefore, the results of the second sale are affirmed by this Court.

VI.
On cross-appeal, Avis asserting a frivolous appeal seeks reimbursement for her attorney's fees and costs. This Court declines to impose any damages for a frivolous appeal under Mississippi Supreme *234 Court Rule 38. Although solicitor's fees may be allowed in a partition suit by the trial judge to the solicitor or to the complainant to be taxed as a common charge on all interests, Miss. Code Ann. § 11-21-31, such authority is usually not allowed when the partition suit is resisted and the defendant employs an attorney in good faith to represent his interest. Blackmon v. Blackmon, 350 So.2d 44 (Miss. 1977); Parnell v. Smith, 309 So.2d 853 (Miss. 1975). This Court cannot say from this record that this defense was not a good faith defense and we decline to impose attorney's fees. Court costs are assessed against the appellant.
AFFIRMED ON DIRECT AND CROSS-APPEAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.