# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-CA-01042-SCT

*LEE R. LAWRENCE AND PEGGY M. LAWRENCE*

*v.*

*GREENLINE EQUIPMENT, INC., SHERIFF DENNIS E. PRESCOTT, WEST ALABAMA BANK & TRUST*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/18/92 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | CHARLES D. EASLEY JR. |
| ATTORNEY FOR APPELLEES: | J. GORDON FLOWERS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | DISMISSED - 6/20/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/11/96 |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This appeal arises from a replevin action in the Lowndes County Circuit Court, wherein the Lawrences sought possession of certain vehicles which had been confiscated by Lowndes County Sheriff, Dennis Prescott, and were stored at Greenline Equipment, Inc. In a January 6, 1992 decision, the United States Bankruptcy Court for the Northern District of Mississippi, Eastern Division, found that the vehicles, which had been abandoned from the bankruptcy estate, could not be exempted by amendment. Based on the Bankruptcy Court's decision, the circuit court found that the Lawrences were estopped from claiming the vehicles as exempt from seizure pursuant to Miss. Code Ann. § 85-3-1(a), and granted summary judgment in favor of the judgment creditor/intervenor, West Alabama Bank and Trust. Aggrieved by the decision, which enabled West Alabama Bank and Trust to attempt to partially collect a December 6, 1990 judgment of $55,773.74 against Lee Lawrence through a public sale of the vehicles, the Lawrences now assert that the trial court erred in granting summary judgment to defendants based on a ruling by the United States Bankruptcy Court.

¶2. Lawrence owned a used car dealership known as Lee Lawrence Motor Company in Columbus, Mississippi. Through a series of proceedings during which the bankruptcy court repeatedly noted that the Lawrences were less than candid with the court, the vehicles at issue were found to be part of Lee Lawrence's business inventory. On appeal, however, the Lawrences contended that, despite the ruling

of the bankruptcy court, the vehicles should be exempt pursuant to Miss. Code Ann. § 85-3-1(a), which exempts from seizure or attachment "[t]angible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor . . ." In response to the Lawrences' three-page argument, West Alabama asserts that the circuit court properly ruled that allowing the Lawrences to claim the automobiles under the § 85-3-1(a) exemption would allow them to claim a double exemption and further, that res judicata and collateral, judicial and equitable estoppel all prevented them from relitigating the exemption status of the vehicles.

¶3. On December 22, 1995, we received a copy of the bankruptcy court's December 20, 1995 Judgment Denying Discharge, denying the discharge of the Lawrence's debts. In as much as the Lawrences' bankruptcy petition has been denied, the issue of whether certain assets can be exempt from seizure based on their status with regard to the bankruptcy estate is now moot. Accordingly, we dismiss the appeal.

¶4. **APPEAL DISMISSED.**

**SULLIVAN, P.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., AND PRATHER, P.J. AND PITTMAN, J.**

#### BANKS, JUSTICE, CONCURRING:

¶5. With deference, I cannot see how the failure to gain a discharge in bankruptcy makes this case moot. The Lawrences claim that the property in question is exempt from execution. The trial court granted summary judgment on the basis that the bankruptcy court had earlier considered the question of exemption and decreed, based on proceedings there, that the Lawrences should be judicially estopped from claiming such an exemption in any judicial proceedings.

¶6. The exemption from execution is a state statutory right incorporated into bankruptcy proceedings by operation of federal and state law. Miss. Code Ann. § 85-3-1 (1972); 11 U.S.C.A. § 522(b); *see Matter of Allen*, 725 F.2d 290 (5th Cir. 1984), *reh. denied*, 729 F.2d 1459 (5th Cir. 1984). It is not, however, dependent upon the existence of bankruptcy proceedings. *Id.* Any dissolution of the bankruptcy proceedings in this case should help rather than hinder the Lawrences' cause, given the fact that the order upon which the collateral estoppel found in the trial court is based is an order in the bankruptcy proceedings.

¶7. In my view, this case should be affirmed on the merits. While the bankruptcy order may have been over broad, there is a clear finding of judicial estoppel based on prior filings of the Lawrences concerning the nature and ownership of the property in question. *Daughtrey v. Daughtrey*, 474 So. 2d 598, 602 (Miss. 1985); *State Highway Commission v. Charmar, Inc.*, 569 So. 2d 1132, 1138 (Miss. 1990). That finding should be given the collateral estoppel effect accorded it by the circuit court. *Id.*

¶8. Dismissal of the appeal results in allowing the judgment below to stand. Accordingly, I concur in that result.

**LEE, C.J., AND PRATHER, P.J., AND PITTMAN, J., JOIN THIS OPINION.**