BANKS, Justice,
concurring:
With deference, I cannot see how the failure to gain a discharge in bankruptcy makes this case moot. The Lawrences claim that the property in question is exempt from execution. The trial court granted summary judgment on the basis that the bankruptcy court had earlier considered the question of exemption and decreed, based on proceedings there, that the Lawrences should be judicially estopped from claiming such an exemption in any judicial proceedings.
The exemption from execution is a state statutory right incorporated into bankruptcy *293 proceedings by operation of federal and state law. Miss.Code Ann. § 85-3-1 (1972); 11 U.S.C.A. § 522(b); see Matter of Allen, 725 F.2d 290 (5th Cir.1984), reh. denied, 729 F.2d 1459 (5th Cir.1984). It is not, however, dependent upon the existence of bankruptcy proceedings. Id. Any dissolution of the bankruptcy proceedings in this case should help rather than hinder the Lawrences’ cause, given the fact that the order upon which the collateral estoppel found in the trial court is based is an order in the bankruptcy proceedings.
In my view, this case should be affirmed on the merits. While the bankruptcy order may have been over broad, there is a clear finding of judicial estoppel based on prior filings of the Lawrences concerning the nature and ownership of the property in question. Daughtrey v. Daughtrey, 474 So.2d 598, 602 (Miss.1985); State Highway Commission v. Charmar, Inc., 569 So.2d 1132, 1138 (Miss.1990). That finding should be given the collateral estoppel effect accorded it by the circuit court. Id.
Dismissal of the appeal results in allowing the judgment below to stand. Accordingly, I concur in that result.
DAN M. LEE, C.J., PRATHER, P.J., and PITTMAN, J., join this opinion.